ELLIS *v.* CITY OF HAPEVILLE *et al.*
IRVINE *v.* CITY OF HAPEVILLE *et al.*

Nos. 16047, 16049.  March 17, 1948.

366

*Howard, Tiller & Howard*, for plaintiffs.
*Allen, Harris & Henson*, for defendants.

BELL, Justice. Since the allegations in the petitions are the same, we will dispose of the two cases together. In each case, the plaintiff alleged that the act approved March 28, 1947 (Ga. L. 1947, p. 1395), purporting to extend the territorial limits of the City of Hapeville, subject to a referendum, is unconstitutional and void, for the reason that notice of intention to apply for such legislation was not published "once a week for three weeks during

a period of sixty days immediately preceding its introduction into the General. Assembly," as required by article 3, section 7, paragraph 15 of the Constitution. Ga. L. 1945, pp. 23, 24, Code (Ann. Supp.), § 2-1915. The certified enrolled act in the office of the Secretary of State, like the one that was involved in *Smith* v. *McMichael*, 203 *Ga.* 74 (45 S. E. 2d, 431), is entirely silent as to publication and notice, and it is insisted by counsel for the plaintiffs in error that the present case is controlled by the Smith case and the more recent case of *Cox* v. *Hapeville*, (supra). In the latter case, the identical act relating to the City of Hapeville was held unconstitutional on substantially the same attack as is made in the present cases, and counsel for the city, defendant in error, concede that the *Cox* case is controlling and requires a reversal in each of these cases.

If we were free to act on personal preference, we would doubtless accept the concession thus candidly made by counsel for the defendant in error. Whether we should do so, in any event, if the cases involved matters of purely private interest, yet, in view of the public nature of the questions presented, we consider that it is our duty to make an actual determination as to whether error was committed, and if not to affirm the judgments dismissing the petitions; also that in so doing we should apply the general rule that, if a judgment is right for any reason, it should be affirmed. *Coker* v. *Atlanta*, 186 *Ga.* 473 (1), 475 (198 S. E. 74). As to confession of error, see *Williams* v. *Griffin Banking Co.*, 64 *Ga.* 179 (3); *Turner* v. *Hardy*, 198 *Ga.* 626 (1) (32 S. E. 2d, 483); 5 C. J. S. 1377, § 1887.

With all deference to counsel on both sides, we are of the opinion that, except as to the constitutional question, the cases are not controlled by the ruling in the *Cox* case, supra, since in that case the petitioner alleged that he owned land in the proposed additional territory, and necessarily, therefore, his land would be subject to taxation, so as to make him a taxpayer, if the act should stand. Also in *Smith* v. *McMichael*, supra, the plaintiffs sought relief as citizens and taxpayers. In the case now before us, however, neither plaintiff alleged that he owned property in the proposed new territory, or was doing business therein, nor did either of these plaintiffs allege any other fact

which might subject him to a claim for license fees, taxes, or other financial obligation, as a mere "resident and citizen" of the proposed territory. Nor was any personal interference alleged.

While it was alleged that the governing authorities of the City of Hapeville have sought to assume jurisdiction and assert control over such territory, and are contending that the citizens of said territory are now citizens of the City of Hapeville and are subject to the obligations imposed by law upon its citizens, and unless restrained and enjoined they will continue to seek to exercise dominion and control over said territory and will endeavor to collect taxes from the residents thereof, to imposed license fees upon persons engaged in business in said territory and generally deal with the citizens thereof as legal residents of said city—these allegations were not sufficient to show impending injury to person or property of either plaintiff, since, as indicated above, it was not shown by either that he owned property in such territory, or that for any other reason such claims and endeavors on the part of the municipal authorities would injuriously affect his personal or property rights.

Even as to a plaintiff who is a taxpayer, a court of equity will not enjoin an ultra vires act of municipal authorities, the doing of which can in no wise injuriously affect him. *Blanton* v. *Merry,* 116 *Ga.* 288 (42 S. E. 211). Nor will equity entertain a petition to enjoin enforcement of an alleged unconstitutional law where the complainant does not show that such enforcement is attempted against his personal or property rights. *Plumb* v. *Christie,* 103 *Ga.* 686 (2) (30 S. E. 759, 42 L. R. A. 181). The petitions here did not allege sufficient facts to authorize even an apprehension of injury in either respect. Accordingly, notwithstanding the particular statute was held unconstitutional in *Cox* v. *Hapeville,* supra, and the judgment dismissing the petition in that case was reversed, neither of the petitions now under consideration was sufficient to state a cause of action, and the judgments sustaining general demurrers and dismissing them must be affirmed. *Reid* v. *Eatonton,* 80 Ga. 755 (6 S. E. 602) ; *City of Macon* v. *Hughes,* 110 Ga. 795 (2), 805, 806 (36 S. E. 247) ; *Hazelton* v. *Atlanta,* 147 *Ga.* 207 (4) (93 S. E. 202) ; *Perkins* v. *Madison,* 175

*Ga.* 714 (3) (165 S. E. 811) ; *Brimer* v. *Jones,* 185 *Ga.* 747 (196 S. E. 435) ; *Aiken* v. *Armistead,* 186 *Ga.* 368 (3, 4) (198 S. E. .237) ; *Zaring* v. *Adams,* 188 *Ga.* 97 (3 S. E. 2d, 635) ; *Wallace* v. *Atlanta,* 200 *Ga.* 749 (38 S. E. 2d, 596).

*Judgments affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of these cases.*