24720. STATE OF GEORGIA, For Use v. CRANE et al.

NICHOLS, Justice. Roy P. Crane was sued as surety on the bond of David Parker and Parker was named as a third party defendant. Both Crane and Parker filed defenses to the action which included an attack upon the constitutionality of an Act of the General Assembly. Thereafter all parties filed motions for summary judgments. The trial court over-ruled the plaintiff's motion and granted those of the defendants expressly sustaining the attack on the constitutionality of the Act of the General Assembly. The plaintiff appealed from such adverse judgments. By brief and in oral argument before this court the appellees abandoned their contention that the Act of the General Assembly is unconstitutional and conceded that such part of the judgment of the trial court as declared the Act unconstitutional was error. *Held:*

1. "The test as to whether a case is . . . reviewable by the Supreme Court [or the Court of Appeals], is not what it might have been at any given time during its pendency in the trial court, but what remains in it when judgment is to be rendered. Matters eliminated by the parties or their counsel constitute no part of the case in the Supreme Court. *Douglas-Guardian Warehouse Corp. v. Todd,* 212 Ga. 791 (96 SE2d 275); *Leggitt v. Allen,* 208 Ga. 298 (66 SE2d 709)." *Lorenz v. DeKalb County,* 215 Ga. 731 (113 SE2d 404); *Benton v. State Hwy. Dept.,* 220 Ga. 674 (141 SE2d 396).

2. Where counsel for the appellee concedes error on a material issue and calls for no decision on such point, the proper procedure in a case otherwise within the appellate jurisdiction of this court is to reverse with direction that judgment be rendered in accordance with the stipulation conceding error. See *Williams v. Griffin Banking Co.,* 64 Ga. 178. In such circumstances this court would render no decision on the merits of such issue.

2. (a) Where, however, a case of great public import is presented, such as where the consent decree would declare an Act of the General Assembly unconstitutional, an exception to the above rule exists. See *Ellis v. City of Hapeville,* 203 Ga. 364 (47 SE2d 265).

(b) Where, under the above circumstances, the material issue removed from the case by the appellees' concession of error requires a judgment reversing an adjudication by the trial

court that an Act of the General Assembly is unconstitutional, inasmuch as this court is the only court authorized to render such judgment, the appeal is within the jurisdiction of this court and not the Court of Appeals. Anything held to the contrary in *Richmond Concrete Products Co. v. Ward*, 212 Ga. 773 (95 SE2d 677), is expressly overruled.

3. The bond sued on was one given under the Motor Vehicle Safety Responsibility Act (Ga. L. 1951, p. 565), as amended. In support of the appellees' motion for summary judgment it is argued that the original action against the principal was filed too late to be covered by the bond, and that since he (the principal) had later been declared a bankrupt and a plea of such bankruptcy filed and allowed after the verdict and such judgment was rendered for Bonnie Thompson in the original action, the summary judgment was properly rendered for appellees.

Assuming but not deciding that the appellees' contention is correct—that the bond could not be required by the Department of Public Safety where no action was filed until after the time permitted by the Motor Vehicle Safety Responsibility Act, supra—yet the bond was voluntarily filed and by its terms bound the surety to pay upon default of the principal any judgment rendered in favor of Bonnie Thompson arising from the collision out of which the original action arose up to ten thousand dollars (the maximum which was required by law in order for the principal to be allowed to continue his driving privileges).

The bond was filed after his discharge in bankruptcy and was an express promise in writing signed by the judgment debtor, thus meeting the requirements of *Code* § 3-902, and the original statute requiring that the action be filed in a prescribed period of time is a statute of limitation, which of course may be waived, and the filing of the bond when not required by the statute is a sufficient waiver by the principal. See *Pittman v. Elder*, 76 Ga. 371. Accordingly, the trial court erred in granting the motions for summary judgment filed by the principal and surety and in overruling the motion for summary judgment filed by the plaintiff.

*Judgment reversed. All the Justices concur.*

Argued July 9, 1968—Decided October 10, 1968.

*Brackett, Lyle & Arnall, C. F. Brackett, Jr., H. P. Arnall,* for appellant.

*Leonard W. Rhodes, Grady F. Smith,* for appellees.

*Arthur K. Bolton, Attorney General, Marion O. Gordon, Assistant Attorney General, John W. Hinchey,* for party at interest not party to record.