## 30552. THE STATE v. EDWARDS.

Nichols, Chief Justice.

Allen Frank Edwards was indicted in a two-count indictment for involuntary manslaughter in the commission of an unlawful act. Count 1 of the indictment charged that while driving his automobile on a described public road and at a described location while in the commission of an unlawful act which was a misdemeanor did cause the death of LaFayette Fields without any intention to do so, "said unlawful act being as follows, to-wit: the said accused while operating his vehicle while under the influence of intoxicating liquors and drugs, did then and there while driving in such manner, strike, hit and run against the body of . . . with such force and

violence that mortal wounds were inflicted . . . from which wounds the said . . . then and there died . . ."

Count 2 of the indictment was identical with Count 1 except as to the name of the victim. The trial court sustained five grounds of demurrer filed by the defendant and ordered the indictment quashed and dismissed. The state appealed.

Two of the demurrers sustained to the indictment contended that the section of the 1968 Criminal Code (Ga. L. 1968, pp. 1249, 1276; Code Ann. § 26-1103 (a)) "is null, void and unconstitutional for reasons hereinafter set out." In its appeal the state contends that Code § 68A-903 (b) enacted as a part of Title 68A of the Code by the Act of 1974 (Ga. L. 1974, p. 633) is unconstitutional.

The involuntary manslaughter statute attacked by the defendant in the trial court provides: "A person commits involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so, by the commission of an unlawful act other than a felony. A person convicted under this subsection shall be punished by imprisonment for not less than one year nor more than five years."

Code § 68A-903 (b) attacked by the state provides: "Whoever shall cause the death of another person, without an intention to do so, by violating any section of this Title other than section 68A-901 or section 68A-904 (c) shall be guilty of homicide by vehicle in the second degree when such violation is the cause of said death. A person convicted under this subsection shall be punished as for a misdemeanor."

Section 68A-901 referred to in this Code section prohibits and punishes "reckless" driving and § 68A-904 (c) makes it unlawful for a person to impersonate an "authorized law enforcement officer by using a motor vehicle . . . marked so as to resemble a motor vehicle . . . belonging to any federal, state or local law enforcement agency; or . . . to otherwise impersonate any such law enforcement officer in order to direct, stop, or otherwise control traffic." Code § 68A-903 (a) provides: "Whoever shall, without malice aforethought, cause the death of another person through the violation of section 68A-901

of this Title, 'Reckless Driving,' shall be guilty of homicide by vehicle in the first degree. A person convicted under this subsection shall be punished by imprisonment for not less than one year nor more than five years."

The real contention of the appellant (state) is that if the state is precluded from prosecuting under an involuntary manslaughter indictment for a death resulting from the driving of a motor vehicle under the influence of intoxicants then such a defendant could only be tried under an indictment charging him with homicide by vehicle in the second degree which is a misdemeanor, and that such a provision precluding the indictment of some defendants for involuntary manslaughter while permitting others to be so tried denies equal protection of the law. Thus, the question is presented as to whether the classification of homicides by vehicle resulting from violations of the Uniform Rules of the Road Act by the General Assembly differently from other homicides in the commission of unlawful acts (Code Ann. § 26-1103 (a)) is a constitutional classification.

The question presented is not whether the trial court or this court would prescribe a lesser penalty in cases involving homicide by vehicle caused by driving under the influence of intoxicating liquors or drugs than in homicides resulting from other unlawful acts, but whether the General Assembly can constitutionally make such distinction.

" 'It is a principle of the utmost importance and one which must be kept in mind in any case that if the legislature has no authority to deal with the subject at which measures are aimed, a classification, however logical, appropriate, or scientific, will not be sustained. If such authority does exist, a classification may be deficient in all these attributes, may be harsh and oppressive, and yet be within the power of the legislature . . . 16 AmJur2d 862, 863, § 495 . . .' *Ingram v. Payton,* 222 Ga. 503, 510 (150 SE2d 825)." *McLennan v. Aldredge,* 223 Ga. 879, 887 (159 SE2d 682) (1968).

The Act of 1974 enacting Title 68A of the Code known as "The Uniform Rules of the Road" provides in § 68A-102: "It is unlawful and, unless otherwise declared in this Title with respect to particular offenses, it is a misdemeanor for

any person to do any act forbidden or fail to perform any act required in this Title." Accordingly, the General Assembly declared that all violations of such Act, except where expressly provided otherwise, are misdemeanors.

It has been held that "as long as the law operates alike on all members of the class, which includes all persons and property similarly situated, it is not subject to any objection that it is special or class legislation." 16 AmJur2d 878, 879, § 502.

The legislation defining homicide by vehicle and prescribing misdemeanor punishment in cases other than when reckless driving is a part of the proximate cause of such homicide cannot be said to treat persons similarly situated differently. The General Assembly was authorized to find that homicides (involuntary manslaughter in the commission of an unlawful act other than a felony) differ from homicides by vehicle.

Accordingly, neither that section of the Act of 1968 (Ga. L. 1968, pp. 1249, 1276, codified as Code Ann. § 26-1103 (a)) nor Code § 68A-903 (b) is unconstitutional for any reason contended for by the state or the defendant.

Under decisions exemplified by *Lipham v. State,* 125 Ga. 52 (53 SE 817) (1906); *Marter v. State,* 224 Ga. 569 (163 SE2d 702) (1968); and *Lummus v. State,* 17 Ga. App. 414 (87 SE 147) (1915), and citations, the offense characterized in an indictment is determined, not by the name given therein, but by the criminal acts therein alleged to have been committed. The criminal acts alleged to have been committed in the indictment under review charged the offense of homicide by vehicle in the second degree. Code § 68A-903 (b), supra. Accordingly, while the trial court properly reached the conclusion that the defendant could not be tried for the offense of involuntary manslaughter under the provisions of Code Ann. § 26-1103 (a), the judgment quashing the indictment must be reversed.

*Judgment reversed. All the Justices concur, except Ingram, J., who concurs in the judgment only.*

SUBMITTED DECEMBER 3, 1975 — DECIDED JANUARY 27, 1976.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Thomas H. Hinson, Assistant District Attorneys,* for appellant.

*Adams, O'Neal & Hemingway, H. T. O'Neal, Jr., Manley F. Brown,* for appellee.