## 52371. BERRIAN v. THE STATE.

MARSHALL, Judge.

The defendant Berrian brings this appeal from his conviction of involuntary manslaughter and a sentence of five years in the penitentiary. He enumerates as error: (1) allegedly improper remarks made by the prosecutor

during closing argument; and (2) the fact that the sentence imposed was based upon a conviction of the crime of involuntary manslaughter as proscribed by Ga. L. 1968, pp. 1249, 1276 (Code Ann. § 26-1103 (a)) (a felony) rather than a motor vehicular death as proscribed in Chapter 68A (Uniform Rules of the Road, Ga. L. 1974, pp. 633, 674 (Code Ann. § 68A-903 (b))). *Held:*

1. Berrian complains in his first enumeration of error that the state's attorney wrongfully commented on probation, a form of argument prohibited by Ga. L. 1955, pp. 191, 192 (Code Ann. § 27-2206). In fact, the state's attorney admonished the jury not to allow Berrian's age, injuries received in the accident or that Berrian was being tried, to arouse sympathy or otherwise influence them in determining the issue of guilt or innocence. The language of which complaint actually is made was: "That's up to the judge when he's convicted to say what will be done with him. Whether he will be given probation or whether he will get time or whether he will get a fine or what; that's up to the court . . . What's the duty you are sworn to do: find out the truth of the matter; give a true verdict according to the evidence; just guilty or not guilty. You won't have anything to do with fixing any punishment. The court does take into account when they fix punishment, the age, prior circumstances of the accused and so forth, and so I say to you, let's judge the case on the facts about what happened. . ."

Counsel for Berrian made a motion for mistrial following these comments as provided in Code Ann. § 27-2206. Though the trial court denied the mistrial, it did instruct the jury that the comments were improper and should not have been made. The jury was instructed to disregard the comments "completely and entirely" during their deliberations.

Viewed in context, the state simply reminded the jury that they were not concerned with punishment and not that Berrian might not be required to suffer the full penalty of the law imposed by the court because pardon, parole or clemency may be granted by the Governor, or the State Board of Pardons and Paroles, or other authority vested with the right to grant clemency. His comments, therefore, were not in violation of Code § 27-2206.

*Terhune v. State,* 117 Ga. App. 59, 60 (4) (159 SE2d 291). Though sentencing in all noncapital cases, including probation, properly *is* a matter for a trial court and not for the jury, the trial court out of an abundance of caution, charged the jury to disregard the reference to punishment. Under these circumstances we can find no harm to Berrian. *Fraley v. State,* 120 Ga. App. 427 (3) (170 SE2d 729). This enumeration is without merit.

2. In his second enumeration, Berrian complains the trial court sentenced him for a felony conviction whereas the law fixes punishment for vehicular death as a misdemeanor. The conviction was based upon an indictment listing the offense committed as a felony, involuntary manslaughter in violation of Code § 26-1103 (a), in that Berrian, without intention to do so, caused the death of another by driving his vehicle down the wrong side of the highway, hitting the victim's car head-on, resulting in the death of the victim.

Berrian contends that the Georgia General Assembly excepted vehicular deaths from other forms of involuntary manslaughter and established the offense as a misdemeanor except in cases of reckless driving or vehicular offenses connected with police vehicles. (Chap. 68A-9, Ga. L. 1974, p. 633 et seq.). This contention finds support in the recently decided case of *State v. Edwards,* 236 Ga. 104 (222 SE2d 385). In that case it was held at p. 107, "The General Assembly was authorized to find that homicides (involuntary manslaughter in the commission of an unlawful act other than a felony) differ from homicides by vehicle."

Since the offense characterized in an indictment is determined, not by the name given therein, but by the criminal acts therein alleged to have been committed (*Lipham v. State,* 125 Ga. 52 (53 SE 817); *Marter v. State,* 224 Ga. 569 (163 SE2d 702); *Lummus v. State,* 17 Ga. App. 414 (87 SE 147)), the language of this indictment charges the offense of homicide by vehicle in violation of Code Title 68A, Uniform Rules of the Road. *State v. Edwards,* supra.

The question still remains whether the vehicular death in this case is punishable as a felony or as a misdemeanor. Ga. L. 1974, pp. 633, 643 (Code Ann. §

68A-102) provides it will be a misdemeanor for any person to do any act forbidden in the title, except as otherwise provided. Ga. L. 1974, pp. 633, 650 (Code Ann. § 68A-301) and p. 651 (Code Ann. § 68A-302) require a driver to drive on the right side of the road except under circumstances not relevant in this case and to give at least one-half of the main-traveled portion of the road to on-coming traffic, respectively. Violations of these provisions are misdemeanors. Code § 68A-903 (a) provides that "reckless driving" resulting in death is homicide by vehicle in the first degree, a felony. Code § 68A-903 (b) generally provides that other homicides by vehicle are of the second degree, a misdemeanor.

In this case, since the indictment characterizes a violation either of Code § 68A-301 or § 68A-302, or both, resulting in death, and does not specifically designate the driving as "reckless" it follows the indictment in this case alleges a vehicular death in the second degree. This being true, the trial court erred in treating the offense as a felony and imposing a felony punishment. *State v. Edwards,* supra, p. 107.

We find no error affecting the conviction in this case. However, for the reasons stated, we reverse as to the sentence and remand the misdemeanor conviction to the trial court for a new sentencing.

*Judgment affirmed in part and reversed in part and remanded with direction. McMurray and Smith, JJ., concur.*

SUBMITTED JULY 6, 1976 — DECIDED SEPTEMBER 16, 1976.

*Tillman, Brice, McTier, Coleman & Talley, C. George Newbern,* for appellant.

*H. Lamar Cole, District Attorney,* for appellee.