## 53125. THE STATE v. FOSTER.

SUBMITTED JANUARY 5, 1977 — DECIDED JANUARY 11, 1977 —
REHEARING DENIED FEBRUARY 10, 1977 —

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellant.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, H. T. O'Neal, Manley Brown,* for appellee.

WEBB, Judge.

■ As a result of the enactment in 1974 of the vehicular homicide statute (Code Ann. § 68A-903), vehicular homicides which formerly were prosecuted as for involuntary manslaughter must now be prosecuted under the new statute. *State v. Edwards,* 236 Ga. 104 (222 SE2d 385) (1976); *Berrian v. State,* 139 Ga. App. 571 (228 SE2d 737) (1976). A *fortiori* a *murder* charge cannot be predicated upon a homicide resulting from "reckless disregard for the safety of persons" as that phrase is used in the reckless driving statute (Code Ann. § 68A-901)—that offense is expressly made "homicide by vehicle in the first degree" by subdivision (a) of the new statute. Thus the able trial judge was correct insofar as he may have held that the "reckless disregard" allegation of the indictment would not support the indictment for murder.

■ The state seems to contend, however, that there is a factual situation short of an intentional homicide, but greater than one resulting from "reckless disregard," where a murder conviction is authorized—that state of facts, according to the state, is "where such involuntary killing shall happen in the commission of an unlawful act which, in its consequences, naturally tends to destroy the life of a human being." The quoted language was once contained in the former involuntary manslaughter statute, prior Code § 26-1009, which specifically excepted homicide as thus defined from the crime of involuntary manslaughter and expressly made it murder. Thus, it was held in *Jones v. State,* 185 Ga. 68 (194 SE 216) (1937), upon which the state relies, that a vehicular death resulting from defendant's speeding while intoxicated was the consequence of an act "which in its consequences naturally tended to destroy the life of a human being" so that a murder conviction was authorized by prior Code § 26-1009.

We fail to see how the state may rely upon the "naturally tended" standard now urged when it has alleged only the "reckless disregard" standard which,

according to its own argument, is the lesser degree of culpability. But in any event the "naturally tended" definition contained in the old manslaughter statute was not carried forward in the new Criminal Code and can no longer support a murder charge. Thus cases applying the old law such as *Jones v. State,* 185 Ga. 68, supra, are inapposite here.

■ The indictment does, however, otherwise sufficiently allege murder. While, as previously noted, the involuntary manslaughter section in the new Criminal Code has been displaced as to vehicular homicides by the even newer vehicular homicide statute (Code Ann. § 68A-903), the latter statute does not displace the general malice-murder statute, Criminal Code § 26-1101. The vehicular homicide statute, by its own terms, applies only to homicides caused "without malice aforethought" (Code Ann. § 68A-903 (a)) and "without an intention to do so." Code Ann. § 68A-903 (b). Thus malice murder by vehicle, just as malice murder by other means, falls under Criminal Code § 26-1101.

In the instant indictment it is alleged that Foster killed Dollar "with malice aforethought," and consequently malice murder under Criminal Code § 26-1101 is sufficiently alleged even though, as perhaps the trial court felt, it may be incapable of proof at trial. The fact that the indictment alleges not only malice aforethought but also reckless disregard does not require its dismissal since the indictment is not bottomed solely upon reckless disregard. In any event we fail to see how the indictment could be quashed and dismissed on a ruling on the special demurrer.

*Judgment reversed. Deen, P. J., and Marshall, J., concur.*