### 32231. FOSTER v. THE STATE.

PER CURIAM.

We granted certiorari in *State v. Foster,* 141 Ga. App. 258 (233 SE2d 215) (1977), which involves an interpretation of subsection (a) of our vehicular homicide statute (Code Ann. § 68A-903 (a)) as enacted by the General Assembly in 1974. See Ga. L. 1974, pp. 633, 674. As so enacted, the statute provides: "Whoever shall, without malice aforethought, cause the death of another person through the violation of Section 68A-901 of this Title, 'Reckless Driving,' shall be guilty of homicide by vehicle in the first degree. A person convicted under this subsection shall be punished by imprisonment for not less than one year nor more than five years."

After considering the case, we affirm the judgment of the Court of Appeals. In Division 1 of its opinion, the Court of Appeals holds that a murder charge cannot be predicated upon a homicide resulting from "reckless disregard for the safety of persons" as that phrase is used in the reckless driving statute (Code Ann. § 68A-901) since that offense is expressly made "homicide by vehicle in the first degree" by § 68A-903 (a). We agree with that holding and think that implicit within it lies the conclusion that "reckless disregard for the safety of persons" cannot serve as implied malice aforethought, i.e., an abandoned and malignant heart, so as to authorize a murder conviction. See Code Ann. § 26-1101 (Ga. L. 1968, pp. 1249, 1276).

The indictment is for malice murder and charges the accused with having caused the death of another while driving under the influence of intoxicating liquors, beverages and drugs at a speed of 90 miles per hour by driving his automobile across the center line of the highway into the automobile driven by the deceased. The

indictment charges that this was done with reckless disregard for human life and the safety of persons using the highway, which, as we have said, would only support a conviction for vehicular homicide in the first degree. However, the indictment also alleges that the killing was done with "malice aforethought."

Thus, the indictment sufficiently *alleges* murder although the proof which the state will adduce at trial might only prove the lesser included offense of vehicular homicide in the first degree. We know of no rule of law that would permit an indictment to be quashed on the ground that the state's subsequent proof might not authorize a conviction for the offense charged in the indictment. Such a rule would be incapable of application for the reason that at this stage of the proceedings — post indictment, pre-trial — no one knows what the state's proof will show.

*Judgment affirmed. All the Justices concur, except Hall, J., who concurs in the judgment only, and Jordan, J., who concurs specially.*

ARGUED JUNE 13, 1977 — DECIDED JUNE 28, 1977.

*Adams, O'Neal, Hemingway, Kaplan, Stone & Brown, H. T. O'Neal, Jr., Manley F. Brown,* for appellant.

*Walker P. Johnson, Jr., District Attorney, Charles H. Weston, Assistant District Attorney,* for appellee.

JORDAN, Justice, concurring specially.

I agree that the indictment charges "malice aforethought" and thus murder by means of vehicle is sufficiently charged. I do not believe, however, that the state should be required to prove an express intent to murder by vehicle in order to gain a conviction. Proof of a state of facts which clearly show an utter disregard for consequential acts which can lead only to the destruction of the life of a human being should suffice to sustain such a conviction.