## 56395. WILSON v. THE STATE.

BELL, Chief Judge.

Defendant was indicted for "involuntary manslaughter" by the causing of the death of another on June 21, 1975, without intention to do so by the commission of the unlawful acts of driving his motor vehicle while under the influence of intoxicating liquors or opiates (Code § 68A-902), by speeding (Code § 68A-1626), and by driving on the wrong side of the road (Code § 68A-302). He was convicted and sentenced as for a felony. *Held:*

1. The defendant's motion to suppress the results of a blood test to determine the alcoholic content of his blood was denied. The investigating state patrolman found the defendant at the emergency room of a local hospital where he had been transported by ambulance. This officer requested that the emergency room physician withdraw a blood sample from defendant. The physician complied. The state concedes that the state patrolman did not at any time advise defendant of his right to have other chemical tests of his blood by a qualified person of his own choosing in addition to the one to be administered at the direction of the law enforcement officer as required by Code § 68A-902.1 (3) and (4). This failure renders the test inadmissible under our holding in *Nelson v. State,* 135 Ga. App. 212 (217 SE2d 450). Notwithstanding this failure the trial court held the results of the tests to be admissible as the taking of the blood sample from defendant was authorized by the 1974 amendment to Section 28 of the "Georgia Post Mortem Act." It provides in pertinent part: "When any person has been admitted to a hospital or morgue as a result of any casualty and for any reason whatsoever is unable to give his consent to the taking of a sample of blood for analytical purposes, the peace officer in charge of the investigation of the circumstances surrounding the casualty may notify a medical examiner for the purpose of obtaining a blood sample to test for the presence of intoxicating substances. The blood may be drawn by the medical examiner or at his direction. The medical examiner or his designee shall be entitled to a fee of ten dollars ($10.00) for performing these services and

shall be paid in the same manner as hereinbefore set out. . ." Ga. L. 1974, pp. 561, 562. The reprint of this statute in the unofficial Code Ann. § 21-227 is incorrect as it substitutes the word "discretion" for the word "direction" which is in the official enactment. There was some evidence, although conflicting, that defendant was not conscious at the time, which authorized the trial court to find that defendant was unable to give consent to the taking of the sample. However, the local medical examiner testified at the hearing on the motion that he was not present when the blood was withdrawn and that he did not designate anyone else to draw the blood. Thus the blood was not withdrawn either by the medical examiner nor by his direction. This failure to comply with the explicit statutory direction destroyed the admissibility of this evidence. The court committed harmful and unexcusable error by admitting this inadmissible evidence.

2. The offense charged in an indictment is determined not by the name given it but by the criminal acts alleged to have been committed. *Marter v. State,* 224 Ga. 569 (163 SE2d 702). The indictment therefore charged the defendant with motor vehicle homicide in the second degree in violation of Code § 68A-903 (b), rather than involuntary manslaughter, which at the time of the commission of this crime, June 1975, was punishable as for a misdemeanor. Ga. L. 1974, pp. 633, 674. The trial court also committed harmful and reversible error in erroneously charging the jury on involuntary manslaughter under Code § 26-1103 (a) and in sentencing defendant as for a felony.

3. The admissible evidence and all inferences drawn therefrom authorized a conviction for motor vehicle homicide in the second degree. Therefore, it was not error to deny the motion for directed verdict of acquittal.

4. All other enumerations have no merit and require no further consideration.

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED SEPTEMBER 19, 1978 — DECIDED OCTOBER 16, 1978.

*Brannon, Brannon, Hardman & Brannon, E. C. Brannon, Jr., William S. Hardman,* for appellant.

*Frank C. Mills, III, District Attorney, Rafe Banks, III, Assistant District Attorney,* for appellee.