## 77595. BUICE v. THE STATE.
(380 SE2d 741)

Pope, Judge.

Appellant was convicted of burglary, armed robbery, false imprisonment, aggravated assault upon a police officer, possession of a firearm during the commission of a felony and possession of a firearm by a convicted felon. He was sentenced to serve life plus fifty years. In his appeal, appellant enumerates 38 errors. He was tried jointly with his accomplice.

1. In Enumerations 1-3, 31, 37 and 38 appellant urges the general grounds, and the failure of the trial court to grant appellant's motions for directed verdict and new trial. The evidence at trial authorized the jury to find that on April 26, 1987 at approximately 6:45 a.m., appellant and an accomplice forced their way into the Michaels' residence at the point of a gun. Appellant held Mrs. Michael with a gun to her head threatening to kill her in order to convince Mr. Michael to put down the rifle he had grabbed when he realized his wife was in danger at the door. When Mr. Michael complied, appellant forced the two to lie face down on the floor. He then gave his accomplice the gun and began looking for objects of value in the house. Items were taken from the kitchen and bedroom, put in a pillowcase and laid in a pile near the front door. All the guns and rifles Mr. Michael had in his bedroom closet were taken and put in the pile. The Michaels' oldest son was upstairs asleep when the pair entered. When he realized what was happening, he called police and then feigned sleep when appellant checked his room.

Just as the pair of intruders appeared to be preparing to leave, Officer McGill of the Gwinnett police appeared at the door. He announced that he was a policeman and peered inside. Appellant had hidden behind the door. He fired a shot, striking Officer McGill in the face. Appellant then gave the gun to his accomplice and fled from the house. He was apprehended almost immediately by other police on the scene. His accomplice surrendered.

We find that a rational trier of fact could reasonably have found proof of appellant's guilt of each of the offenses charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Appellant particularly argues that the evidence is insufficient regarding the count of armed robbery because nothing

was taken from the house. However, the State did prove tht appellant moved items in the house thereby transferring dominion of the property from the owners to himself. This is sufficient asportation. *James v. State*, 232 Ga. 834 (209 SE2d 176) (1974).

2. Appellant argues in Enumerations 4 and 5 that the trial court erred in refusing to grant his motions for additional peremptory strikes and to sever. These enumerations are without merit. *Spivey v. State*, 186 Ga. App. 236 (3, 4) (366 SE2d 838) (1988).

3. In Enumerations 6, 8, 9, 10 and 11 appellant argues that the trial court erred in failing to grant his motion for a change in venue and for failing to excuse for cause four jurors who on voir dire said they had heard a radio report that the trial for the shooting of a police officer was to begin. In each instance, the juror said he or she knew of no other facts concerning the case and that no names were used in the radio report. Each also said he or she could lay aside any previous information each had and decide the case based on what was presented in court.

"The test as to whether pretrial publicity has so prejudiced a case that an accused cannot receive a fair trial is whether the jurors summoned to try the case have formed fixed opinions as to guilt or innocence of the accused from reading [or hearing] such publicity. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court." (Citations and punctuation omitted.) *Harper v. State*, 249 Ga. 519, 529-530 (292 SE2d 389) (1982).

Our review of the record on voir dire shows that the jury pool from which appellant's jury was selected met the test set out in *Harper*. Appellant argues that a total of 9 jurors (5 who were excused, and the 4 complained of here) out of 57 potential jurors, or roughly 16 percent of the pool, was strongly influenced by pretrial publicity. Even were we to accept this assertion, such a percentage would not, alone, be sufficient to show the need for a change of venue. *Collier v. State*, 244 Ga. 553, 572 (261 SE2d 364) (1979) (20 percent dismissal rate corroborates absence of prejudicial bias); *Butler v. State*, 231 Ga. 276 (2) (201 SE2d 448) (1973) cert. denied, 420 U. S. 907 (1974) (36 percent dismissal rate corroborates absence of prejudicial bias). The court did not err in refusing the motion for change of venue. Nor do we find abuse of discretion by the trial court in failing to excuse for cause the jurors mentioned above.

4. There is no merit to appellant's Enumeration 7 in which he argues that a mistrial should have been granted because the district attorney improperly commented that he would expect a juror to be-

lieve a police officer over a six-time offender. The exchange occurred when the State was trying to ascertain whether the juror would believe a police officer over all others. The juror said, "You asked the question would I believe a police officer over a doctor, lawyer, no, I would not. Would I believe a police officer over a six-time offender — maybe, I don't know." The district attorney replied, "We would expect that . . . ." and tried to clarify. At this point, defense counsel objected. The district attorney apologized for his reflexive agreement with the statement to the court. We agree with the court that the exchange in no way referred to appellant or his record.

5. In Enumerations 12-22, appellant argues that the trial court erred in allowing hearsay statements into evidence. The objections are to testimony of Steven Michael who was allowed to testify concerning what he could hear going on downstairs when the men first came into the house. From what he heard, Steven Michael concluded his parents needed help and called police. Appellant argues this is hearsay because it is an out-of-court statement made by an unidentified third-party. There is no merit to this argument. The statements are not hearsay. *Hewitt v. State*, 127 Ga. App. 180 (2) (193 SE2d 47) (1972).

6. We find no merit in appellant's Enumerations 23-27, in which he argues that the court erred in admitting certain photographs relating to the wounds suffered by Officer McGill. *Brooks v. State*, 258 Ga. 20 (3) (365 SE2d 97) (1988). In Enumerations 28-30, appellant argues that the court erred in allowing the physician who treated the officer to testify regarding treatment given as a consequence of the wounds the officer received. There is no merit to this argument. *Graham v. State*, 171 Ga. App. 242 (15) (319 SE2d 484) (1984).

7. In Enumeration 32, appellant argues that the trial court erred in failing to grant his motion for mistrial because of the statement made by his co-defendant during his testimony that appellant was known to carry a gun. There is no error. *Crowder v. State*, 233 Ga. 789 (5) (213 SE2d 620) (1975).

8. Appellant's remaining enumerations concern the charge of the court. The court did not err in refusing to charge on the lesser included offenses of robbery by intimidation and theft by taking. The evidence showed a completed act of armed robbery. *Davis v. State*, 181 Ga. App. 32 (351 SE2d 252) (1986). Nor did the court err in refusing to give apellant's requests to charge on attempt. The evidence showed completed acts. The court's charge on parties to a crime was proper. The charge given by the court properly covered the burden of proof issue.

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

*J. Curtis Hanks*, for appellant.
*Thomas C. Lawler III, District Attorney*, for appellee.