A89A1937. HILLIARD v. THE STATE.
(387 SE2d 21)

McMURRAY, Presiding Judge.

Defendant Hilliard appeals his convictions of two counts of aggravated child molestation, one count of child molestation and the consecutive sentences imposed by the trial court. *Held*:

1. The trial court erred in imposing separate sentences for the two convictions of aggravated child molestation. The two charges were indistinguishable since all of the averments including date (which was not made an essential element), victim, and description of defendant's conduct constituting the offense were identical. This lack of particularization permits the imposition of only one sentence. *LaPan v. State*, 167 Ga. App. 250, 253 (4) (305 SE2d 858); *Smith v. State*, 160 Ga. App. 26, 28 (4) (285 SE2d 749); *Miller v. State*, 141 Ga. App. 382 (1) (233 SE2d 460). Additionally, the evidence at trial shows the commission by defendant of only one offense of aggravated child molestation. Consequently, only one conviction of defendant for aggravated child molestation, and not both, can stand.

2. Defendant's remaining enumerations of error raise the general grounds. The evidence consists primarily of the testimony of the vic-

tim who was 9 years of age at the date of the trial; 8 years of age at the time of the offenses. The victim testified as to being sodomized by defendant and as to another incident during which defendant touched her vagina with his hand and penis. We find that when the evidence is viewed in the light most favorable to the prosecution, a rational trier of fact could find the defendant guilty beyond a reasonable doubt of one count of aggravated child molestation and of one count of child molestation. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Buice v. State*, 191 Ga. App. 7 (1) (380 SE2d 741).

As we stated in Division 1, there is no evidence authorizing the conviction of defendant for a second count of aggravated child molestation. Therefore, we reverse one conviction and sentence of defendant for aggravated child molestation. The remaining conviction of defendant for aggravated child molestation and the conviction for child molestation are affirmed. In view of the disruption in the chain of consecutive sentences by our holding herein, defendant must be resentenced on one count of aggravated child molestation and the count of child molestation.

*Judgment affirmed in part and reversed in part. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 26, 1989 —

*John W. Davis*, for appellant.

Huey Hilliard, *pro se.*

*Glenn Thomas, Jr., District Attorney, Keith Higgins, Assistant District Attorney*, for appellee.

