A03A0358. HILL v. THE STATE.
(577 SE2d 61)

ELDRIDGE, Judge.

Noel Keith Hill was indicted by the Grand Jury of Stephens County for the offenses of two counts of aggravated assault, three counts of cruelty to children in the second degree, criminal damage to property in the second degree, and simple battery. The case was tried before a jury, and at the close of the State's evidence, Hill moved to dismiss the criminal damage to property in the second degree count, because the State had failed to prove damages in excess of $500.[1] The State agreed that damages in excess of $500 had not been proven, and on the State's request, the trial court reduced such charge to criminal trespass.[2] See OCGA § 16-7-23 (a) (1).

On the seven-count indictment, the jury returned the following verdicts: on each of the two aggravated assault counts, the jury found Hill guilty of the lesser included offense of simple battery; Hill was also found guilty on the criminal trespass charge; and on the remainder of the offenses, Hill was found not guilty. For purposes of sentencing, the trial court merged the two counts of simple battery and sentenced Hill to twelve months to serve. Hill was sentenced an additional 12 months for criminal trespass, to run consecutively with the sentence for simple battery. Hill appeals from the verdict and the

---

[1] OCGA § 16-7-23 (a) (1) provides: "A person commits the offense of criminal damage to property in the second degree when he [i]ntentionally damages any property of another person without his consent and the damage thereto exceeds $500."

[2] OCGA § 16-7-21 (a) provides: "A person commits the offense of criminal trespass when he or she intentionally damages any property of another without consent of that other person and the damage thereto is $500.00 or less."

sentence entered thereon. Hill asserts as error the trial court's reduction of the criminal damage to property in the second degree to criminal trespass, in lieu of granting his motion for directed verdict of acquittal on such offense. Hill further asserts that the trial court's sentence violates the guarantee against cruel and unusual punishment under Art. I, Sec. I, Par. XVII of the 1983 Constitution of Georgia. Finding Hill's arguments to be without merit, we affirm.

Viewed in the light most favorable to the verdict,[3] the evidence shows the following. Hill's estranged wife, Catherine Dennis Hill (D. Hill), and her mother, Naomi Adams, took the couple's three children to Hill's mother's home, where Hill had been living since the couple's separation, to visit with Hill on his birthday. Hill met his wife at the side door of his mother's home, while the three children went inside. Hill questioned D. Hill about rumors he had heard about her relationship with another man. The couple became involved in an argument, which soon led to a physical confrontation. Hill cracked the windshield of D. Hill's car with a five-gallon plastic paint bucket and broke at least one of the side windows to the car with a metal paint roller. Hill threw a sling blade that was missing its handle at D. Hill, which did not make contact with her.

As Adams exited the car to assist D. Hill, Hill grabbed Adams by her shirt near her neck and told her, "Naomi you are on my property now." Hill grabbed D. Hill and threw her on the ground and up against the hood of her car, choking her and calling her vile names. Hill released D. Hill, and she went into the house to collect the children. Hill followed her into the living room, grabbed her, and threw her down on the sofa, again choking her. The youngest of the three children was in the living room when this occurred. Adams pulled Hill off D. Hill. At this point, Adams, D. Hill, and the three children were able to get into the car and leave.

They drove to a nearby gas station and called the police. Upon instruction by the police, they continued to the police station where they gave written statements to the police. While they were at the police station, Hill called and stated that he had broken the windows in D. Hill's car and asked to speak to the officer investigating the incident. At the request of the police, Hill came down to the police station and was interviewed. Hill admitted breaking the car windows and laying hands on D. Hill. At trial, Hill denied choking D. Hill, but admitted he pushed her into the hood of the car and onto the couch. Hill further admitted that while he had D. Hill on the couch, he was holding her shirt and that Adams pulled him away. Hill also admit-

[3] *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

ted grabbing Adams and breaking the windows out of D. Hill's car. *Held*:

1. There was no error in the trial court reducing the criminal damage to property in the second degree to criminal trespass when the State failed to prove damage in excess of $500.

> An accused may be convicted of a crime included in a crime charged in the indictment or accusation. A crime is so included when it differs from the crime charged only in the respect that a less serious injury to the same person, property, or public interest suffices to establish its commission. OCGA § 16-1-6 (2). Because the salient difference between criminal trespass as defined in OCGA § 16-7-21 (a) and second degree criminal damage to property is the amount of damage required for conviction, criminal trespass is a lesser included offense of second degree criminal damage to property. See *Merrell v. State*, 162 Ga. App. 886, 887 (3) (293 SE2d 474) (1982).

(Punctuation omitted.) *Jennings v. State*, 226 Ga. App. 461 (486 SE2d 693) (1997). See *In the Interest of A. F.*, 236 Ga. App. 60, 61 (2) (510 SE2d 910) (1999). Consequently, the trial court did not err in reducing the criminal damage to property in the second degree to criminal trespass. Further, the evidence, when viewed in the light most favorable to the verdict, was sufficient to enable a rational trier of fact to find Hill guilty beyond a reasonable doubt of the offense of criminal trespass. *Jackson v. Virginia*, supra.

2. We find no merit in Hill's argument that his sentence violates the guarantee against cruel and unusual punishment found in Art. I, Sec. I, Par. XVII of the Constitution of Georgia of 1983. Hill argues that the imposition of two 12-month sentences to be served in confinement, consecutive to one another, is grossly out of proportion to the severity of the facts in this case.

In the present case, the sentence for each offense is within the statutory guidelines. See OCGA §§ 16-7-21 (a); 16-7-23 (a) (1). The trial court had the discretion to impose consecutive sentences for separate offenses. OCGA § 17-10-10; *Hambrick v. State*, 256 Ga. 148, 149 (3) (344 SE2d 639) (1986); *Cottingham v. State*, 206 Ga. App. 197, 198-199 (3) (424 SE2d 794) (1992). "A presumption arises when a defendant is sentenced within the statutory limits set by the legislature that such sentence does not violate the Eighth Amendment's guarantee against cruel and unusual punishment." (Footnote omitted.) *Couch v. State*, 248 Ga. App. 238, 240 (3) (545 SE2d 685) (2001); *Burgos v. State*, 233 Ga. App. 897, 902, n. 2 (505 SE2d 543) (1998). "Such presumption remains until a defendant sets forth a factual

predicate showing that such legislatively authorized punishment was so overly severe or excessive in proportion to the offense as to shock the conscience. [Cit.]" *Burgos v. State*, supra. See also *Graham v. State*, 266 Ga. 543, 544 (4) (468 SE2d 363) (1996); *Jones v. State*, 246 Ga. App. 857, 858 (1) (542 SE2d 584) (2000) (legislative discretion must be deferred to unless, under the circumstances, the sentence shocks the conscience).

In this case, Hill physically attacked D. Hill in a fit of rage and damaged her car. There was additional evidence that Hill grabbed Adams by the shirt and spoke to her in a threatening manner. Both D. Hill and Adams testified that they were scared of Hill and feared for their safety. Corporal Margaret Dawson testified that when D. Hill and Adams arrived at the City of Toccoa Police Department, they were both very shaken and extremely upset. Further, D. Hill testified that this was not the first time Hill had attacked her out of anger. Under these facts, Hill's sentence was not overly severe or excessive so as to shock the conscience.

*Judgment affirmed. Johnson, P. J., and Mikell, J., concur.*

DECIDED JANUARY 29, 2003.

*Drew W. Powell*, for appellant.
*Michael H. Crawford, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.