## 66813. PAYNE v. THE STATE.

SHULMAN, Chief Judge.

Appellant was convicted of aggravated assault and first degree arson. The state's evidence showed that appellant used a chair leg to beat a person residing in appellant's rented residence, that appellant threatened to burn that person, and that appellant doused the victim with kerosene, but was unable to procure a means of igniting the kerosene. Four days later, appellant again stated that he was going to kill the victim and, that afternoon, appellant's rented quarters burned with the threatened person inside.

1. Appellant's motion to sever the trial of the two offenses was denied. We find no error in that denial, since the evidence shows that the crimes were a series of acts connected together, specifically efforts to kill or injure the victim of the assault. *Gober v. State,* 247 Ga. 652 (1) (278 SE2d 386).

2. The prosecuting attorney was permitted to reopen his case after he rested. Appellant contends that the trial court erred in permitting that action because defense counsel did not have sufficient opportunity to interview the new witness the state sought to call, and because the prosecuting attorney's statement that the witness was newly discovered was not made in good faith since police officers were aware of the witness even if the prosecuting attorney was not. We disagree.

"Reopening evidence is in the sound discretion of the trial court and will not be disturbed when no abuse of discretion is shown. [Cits.]" *Hurt v. State,* 239 Ga. 665, 672 (238 SE2d 542). We find no abuse of that discretion here. Knowledge of police officers concerning the existence of the witness is not imputable to the prosecuting attorney. *Scott v. State,* 230 Ga. 413 (1) (197 SE2d 338). When counsel complained of a lack of opportunity to interview the witness, the trial court granted time for that purpose. This enumeration of error is without merit.

3. Appellant's appellate counsel asserts that appellant was denied a fair trial due to the ineffectiveness of trial counsel. The only specifications of ineffectiveness argued by appellate counsel concern the failure to move for a directed verdict of acquittal and failure to object to the trial court's instructions to the jury. Our review of the records, however, indicates that the evidence was sufficient to support a conviction, rendering a motion for directed verdict fruitless. As to the charge, our review indicates that it was adequate and would not have been subject to valid objection. " 'We interpret the right to counsel as the right to effective counsel, . . . and *not counsel judged ineffective by hindsight,* but counsel reasonably likely to render *and rendering* reasonably effective assistance' . . . [T]he effectiveness of counsel cannot be fairly measured by the results of a criminal trial or appeal, but upon the reasonable effectiveness of counsel at the time the services were rendered." *Pitts v. Glass,* 231 Ga. 638, 639 (203 SE2d 515). Applying that standard, we are compelled to reject appellant's assertion that he was denied a fair trial by the allegedly ineffective assistance rendered by trial counsel.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED OCTOBER 18, 1983.

*LeRoy W. Robinson, Jr.,* for appellant.
*V. D. Stockton, District Attorney, W. Brek Barker, Assistant District Attorney,* for appellee.