67502. GREEN et al. v. THE STATE.

SHULMAN, Presiding Judge.

Appellants were convicted of aggravated assault upon a peace officer and mutiny in a penal institution. The appeal of the third defendant can be found in *Chitwood v. State,* 170 Ga. App. 599 (317 SE2d 589).

1. Appellants maintain that the trial court erroneously denied their motion to dismiss the aggravated assault charge. In that pretrial motion, appellants contended that the offense of aggravated assault was precluded because it merged into the mutiny charge.

The trial court's denial of the motion was not error. OCGA § 16-1-7 (a) permits the state to prosecute an individual for each crime his conduct established. It is the *conviction* of more than one crime established by the same conduct that § 16-1-7 (a) forbids and, at the time appellants sought the dismissal of the aggravated assault, they had not yet been convicted of more than one crime established by the same conduct. *Pryor v. State,* 238 Ga. 698, 700 (234 SE2d 918). Thus, the motion was properly denied.

2. As mentioned above, OCGA § 16-1-7 (a) prohibits an individual's conviction and punishment for multiple offenses arising from the same criminal conduct: "When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind

of conduct generally and the other to prohibit a specific instance of such conduct." The above statute is the codification of the substantive aspect of the double jeopardy principle in that it relates to the penalty for criminal conduct as distinguished from the procedural aspects of successive prosecutions. *State v. Estevez*, 232 Ga. 316, 319 (1) (206 SE2d 475). "[A] crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact *or* as a matter of law . . ." Id. OCGA § 16-1-6 defines an included crime as one "established by proof of the same or less than all the facts . . . required to establish the commission of the [greater] crime charged." Turning to the elements of the convictions involved herein, we note that mutiny is committed when "[a] person in the lawful custody of any penal institution . . . assails, opposes, or resists an officer of the law or of such penal institution or a member of the guard with intent to cause serious bodily injury . . ." OCGA § 16-10-54. Aggravated assault upon a peace officer occurs when a peace officer, engaged in or on account of the performance of his official duties, is assaulted by one with intent to murder, rape or rob or with a deadly weapon. OCGA § 16-5-21. A comparison of the elements of the above offenses reveals that a conviction for mutiny requires proof of one element that is not necessary for the aggravated assault conviction, i.e., proof that the perpetrator is a person in the lawful custody of a penal institution. Therefore, under the statutory definition of included offense, aggravated assault upon a peace officer merges into the mutiny conviction because the aggravated assault charge "is established by proof of . . . less than all the facts . . . required to establish the commission of [mutiny]." OCGA § 16-1-6. See *Brown v. State*, 247 Ga. 298 (9) (275 SE2d 52), overruled on other grounds in *Wilson v. Zant*, 249 Ga. 373 (2) (290 SE2d 442).

Thus, the facts adduced to support the aggravated assault charge, as it was set forth in the indictment, were the same facts used to support the mutiny charge, as it was set forth in the indictment. Under these circumstances, the aggravated assault charge must be considered an offense included within the mutiny charge pursuant to OCGA § 16-1-6 (a). Since OCGA § 16-1-7 (a) forbids the conviction of appellants for both crimes, the conviction for the included offense, aggravated assault, must be vacated.

*Judgments affirmed as to mutiny. Judgments vacated as to aggravated assault. Quillian, P. J., Banke and Birdsong, JJ., concur. Deen, P. J., and Banke, J., concur specially. McMurray, C. J., Carley, Sognier, and Pope, JJ., dissent.*

DECIDED MARCH 14, 1984 —
REHEARING DENIED MARCH 30, 1984 —

*Millard L. Biloon, J. Robert Daniel,* for appellants.

*Willis B. Sparks III, District Attorney, Thomas J. Matthews, Vernon R. Beinke, Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, concurring specially.

While concurring fully with the majority opinion, the divergence of opinions with regard to questions of merger bears further observations.

The case of *Estevez v. State,* 232 Ga. 316 (206 SE2d 475) (1974), made it clear that merger occurs where one crime is the same as another either as a matter of fact *or* as a matter of law. "There are two predominant tests which the courts in this country use in determining what is the 'same offense' for double-jeopardy purposes. The majority test is known as the 'same evidence' test, and the minority test is known as the 'same transaction' test. The majority test, the 'same evidence' test, has three variants: a 'required evidence' or 'elements of the crime' variant; an 'alleged evidence' or 'allegations of the indictment' variant; and an 'actual evidence' variant." *Haynes v. State,* 249 Ga. 119, 123, 124 (288 SE2d 185) (1982) (Marshall, J., dissenting).

In *Estevez v. State,* supra, it appears that the Supreme Court looked to the actual evidence adduced at trial to determine whether there was merger. In subsequent cases, however, the Supreme Court also applied an elements of the crime test. See *Potts v. State,* 241 Ga. 67 (243 SE2d 510) (1978); *Stephens v. Hopper,* 241 Ga. 596 (247 SE2d 92) (1978) (murder not included in kidnapping with bodily injury because of additional element of malice aforethought). In *Haynes v. State,* supra, the court returned to an actual evidence test. No decision has yet proclaimed one test as *the* test, and it is this multiplicity of tests available that produces the confusion and uncertainty in cases involving questions of merger.

In this case, under either the actual evidence test or the elements of the crime test, the offense of aggravated assault upon a peace officer (punishable by 5-20 years' imprisonment) merged as a matter of fact into the mutiny (punishable by 1-5 years' imprisonment), as the majority concluded. This result is without question unappealing, but it is correct under the present OCGA §§ 16-1-6, 16-1-7, and the existing case law.

I am authorized to state that Judge Banke joins in this special concurrence.

McMURRAY, Chief Judge, dissenting.

Defendants Green and Payne, along with a third defendant (Chitwood) were indicted for the offenses of armed robbery, aggravated assault and mutiny (in a penal institution). The defendants were jointly tried. Defendant Chitwood was convicted of all three counts. See *Chitwood v. State*, 170 Ga. App. 599, supra. Defendants Green and Payne were acquitted of the armed robbery count but convicted of the offenses of aggravated assault and mutiny (in a penal institution). Following the denial of the defendants' motions for new trial as amended, they appeal.

Defendants first enumerate error in that the trial court did not grant defendants' motion to dismiss the general charge of aggravated assault when the elements of the crime are the same as the specific crime of mutiny (in a penal institution).

I agree with the majority in Division 1 that the trial court's denial of this motion was not error. However, the defendants contend the trial court erred in not granting their motion to require the state to elect either the aggravated assault or the mutiny charge because the elements were the same and the exact same evidence was used to prove both crimes. Defendants' argument is that the two convictions merged both in law and in fact and since they merged judgment should be entered only as to one count, and, as between the two counts, the mutiny count should take precedence over aggravated assault since it is a more specific legislative classification of the prohibited conduct. The majority has adopted this view and has ordered that the aggravated assault conviction be vacated. To this I cannot agree.

At the very outset the state by brief agrees with some of the defendants' argument and concedes that the two crimes (aggravated assault and mutiny) factually merged, the mutiny count being the lesser included offense of aggravated assault. Both counts resulted from a single attack upon a prison guard in which these defendants Green and Payne aided and abetted the defendant Chitwood to club the guard senseless with a metal table leg, thus the single assaulting act supports conviction of and sentence for only one crime. See *Dotson v. State*, 160 Ga. App. 898, 899 (3) (288 SE2d 608). The state contends that upon remand the trial court should be instructed to discharge the conviction for mutiny which merges with the conviction of the greater offense of aggravated assault. I agree to this view.

The defendants, however, argue that under *State v. Edwards*, 236 Ga. 104 (222 SE2d 385), the state could not prosecute under a general statute (aggravated assault upon a peace officer) wherein the legislature had created a specific statute covering the exact offense, in this instance, a specific crime delineated as mutiny (in a penal institution). The elements are the same in that the crime of aggravated as-

sault as here was with a deadly weapon upon the guard, a peace officer. The assault also was a specific crime charged, allegedly committed while the defendants were confined in a penal institution (mutiny). *State v. Edwards*, 236 Ga. 104, supra, was one in which the state was prosecuting the defendant for involuntary manslaughter even though the General Assembly had created the offense of homicide by vehicle. In that case demurrers were sustained, and the state appealed (a constitutional attack being involved). The Supreme Court reversed the trial court in holding the statute unconstitutional (homicide by vehicle) but held that the trial court "properly reached the conclusion that the defendant could not be tried for the offense of involuntary manslaughter" and reversed the quashing of the entire indictment.

Defense counsel also cites *Johnson v. State*, 130 Ga. App. 134 (202 SE2d 525), wherein it was held that a defendant could not be tried for motor vehicle theft and theft by taking because both crimes arose out of the same transaction. Therein this court pointed out at page 137 (2) (b) that motor vehicle theft differs from theft of any property *by prohibiting a designated kind of conduct* so that the conviction of motor vehicle theft would bar conviction under the general statute with reference to theft generally. At page 138 (Div. 3) direction was given to set aside the theft conviction (theft of the motor vehicle) as being barred by conviction and sentence for theft by taking, both crimes having arisen out of the same transaction.

However, we are faced here with whether or not mutiny is a lesser included offense than that of aggravated assault or whether or not the general charge of aggravated assault merged with the specific charge of mutiny. See OCGA § 16-1-6 defining an included crime as that "established by proof of the same or less than all the facts or a less culpable mental state than is required to establish the commission of the [greater] crime charged," or the lesser included crime differs from the greater crime (aggravated assault) "only in the respect that a less serious injury or risk of injury to the same person, property, or public interest or a lesser kind of culpability suffices to establish its commission." The mutiny statute here, OCGA § 16-10-54, refers to a person in lawful custody in any penal institution "who assails, opposes, or resists an officer of the law or of such penal institution . . . with intent to cause serious bodily injury," and provides for a less serious punishment than that for aggravated assault. It is quite clear that under the facts of the case sub judice the offense of mutiny was a lesser included offense than that of aggravated assault. Accordingly, the trial court did not err in refusing to grant defendants' motion to dismiss the general crime of aggravated assault even though the elements of the crime are the same as the lesser included offense of mutiny. I therefore cannot agree with the majority that the

greater crime of aggravated assault merged in the lesser crime of mutiny.

I therefore respectfully dissent.

CARLEY, Judge, dissenting.

I agree with Chief Judge McMurray's dissent to the effect that the crime of mutiny merged into the greater crime of aggravated assault. However, my reasons differ from those of Chief Judge McMurray. In my opinion, the majority places undue emphasis upon the so called additional element of being "in the lawful custody of any penal institution" as required by the mutiny statute (OCGA § 16-10-54) when the real focus should be upon the essential difference between the crime of mutiny and the crime of aggravated assault. In order to commit aggravated assault, one must *assault* with intent to *murder*, rape or rob *or with a deadly weapon.* OCGA § 16-5-21. However, in order to convict one of mutiny under OCGA § 16-10-54, the state must show only that the defendant has *assailed*, opposed or resisted an officer "with intent to cause serious bodily injury." Mutiny does not require the intent to *murder* and the use of a deadly weapon is not necessary. Thus, a prisoner who attacks a guard with the specific intent to use his hands to only break the guard's arm would clearly be guilty of mutiny. However, because of the absence of intent to murder, rape or rob, and because a deadly weapon was not used, an essential element of aggravated assault would be missing. Therefore, although the two crimes in this case merge *as a matter of fact*, it is my opinion that the crime of mutiny merges into the aggravated assault and not vice versa. Accordingly, I must dissent.

I am authorized to state that Judge Sognier and Judge Pope join in this dissent.