## 43124. GLENN v. THE STATE.
(340 SE2d 609)

MARSHALL, Presiding Justice.

Nikita Carlos Glenn appeals from his conviction of armed rob-

bery and felony murder, for which he was sentenced to life imprisonment.[1] We affirm.

On the evening of January 13, 1984, the 19-year-old murder victim drove himself and five other white teenagers to a predominantly black apartment complex in southeast Atlanta to purchase marijuana. Two black males approached the car on each side, a marijuana sale was made, and, after the occupants were robbed, one of the men, identified as the appellant, got into a scuffle with the driver and fatally shot him. The appellant was convicted of the armed robbery of one of the passengers and the felony murder of the driver.

1. It was not an abuse of discretion to deny the motion for mistrial for alleged prosecutorial misconduct (the district attorney's commenting on evidence, attempts to introduce improper evidence, and attempts to testify himself) where the trial judge in each instance either sustained the objection and admonished the district attorney, or gave curative instructions, or the improper question or statement was rephrased so that it was not improper, and where no prejudicial evidence or inference was in fact presented to the jury which had a direct bearing upon the issue of the appellant's guilt or innocence. Enumeration of error one is without merit.

2. In his second enumeration of error, the appellant contends that it was error not to grant a mistrial as a result of the state's failure to disclose allegedly exculpatory photographic identification evidence.

Prior to the trial, a state's witness came to the district attorney's office and viewed some photographs. He selected three of them as looking like two of the men who had been on his side of the car. None of the photographs was of the appellant. The photos were identified at the trial. The appellant, relying on *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), contends that these photos should have been made available to him prior to trial. However, *Brady* is not violated when the *Brady* material is available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. *Castell v. State*, 250 Ga. 776, 781 (2b) (301 SE2d 234) (1983) and cits. Even if the photos were discoverable before trial, "the prosecutor will not have violated his constitutional duty of disclosure unless such omitted evidence creates a reasonable doubt as to

---

[1] The murder was committed on January 13, 1984. Glenn was convicted on November 14, 1984. His motion for a new trial was filed on November 27, 1984. The transcript was filed in superior court on January 28, 1985. The motion for a new trial was amended on February 1, April 12 and June 14, 1985; granted on August 23, 1985, and denied on motion for reconsideration on September 27, 1985. The notice of appeal was filed on October 17, 1985. His extraordinary motion for a new trial was filed on October 29, 1985, and denied on November 15, 1985. The record was docketed in this court on January 15, 1986. The case was orally argued on March 10, 1986.

the defendant's guilt which did not otherwise exist. *United States v. Agurs*, 427 U. S. 97 (96 SC 2392, 49 LE2d 342) (1976); *Wallin v. State*, 248 Ga. 29 (6) (279 SE2d 687) (1981). The omitted evidence here does not meet this standard of materiality. Accordingly, the trial judge did not err in denying the motion for new trial." *Ballard v. State*, 252 Ga. 53, 55 (3) (311 SE2d 453) (1984). Enumeration of error two is without merit.

3. In his third enumeration of error, the appellant contends that the trial judge erred in allowing the substance of a radio report to a sheriff in Seminole County from one of his assistants — to the effect that an unidentified person had fled from a trailer used by the appellant — to be considered by the jury, on the ground that the report was hearsay. Even assuming that this was not an exception to the hearsay rule to explain the witness-sheriff's ensuing conduct in searching the trailer (as to this, see OCGA § 24-3-2; *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982); *Gibbs v. State*, 168 Ga. App. 417 (3) (309 SE2d 412) (1983)), there was sufficient other direct evidence of flight, which is admissible (*Johnson v. State*, 148 Ga. App. 702 (1) (252 SE2d 205) (1979)), so as to render the error, if any, of the admission of this evidence harmless. See *Berry v. State*, 254 Ga. 101 (2) (326 SE2d 748) (1985); *Teague v. State*, 252 Ga. 534 (2) (314 SE2d 910) (1984). This enumeration of error is without merit.

4. In his fourth enumeration of error, the appellant contends that it was error to deny a new trial based upon the newly discovered evidence of 11-year-old Courtney Cade, who would have testified that Larry Bryant, not the appellant, was the murderer, and that the appellant did not appear to have a gun.

The testimony would be at best cumulative (there was other evidence that the appellant had been standing elsewhere and did not shoot the victim) and inconsistent. In her affidavit she said she saw *both* men at the car pull guns on the victim, whereas the eyewitnesses at the trial saw only one gun. She said she saw someone other than the shooting victim struck with a gun, contrary to other testimony that only the murder victim had been pistol-whipped. She first said she saw *four* males fleeing, then later said there were *two*. She first said that she had *not* talked to a policeman, then later said she *had*. She stated that, at the time the shot was fired, the appellant was looking in a bag and did not have a gun in his hands, but she told Detective Greene immediately after the shooting that she could not recognize the perpetrators and could not identify anyone. She swore in her second affidavit that she would testify when called upon, but, when called as a witness by the state in a hearing on the motion, she could not be found. Even though she said that the appellant was not the gunman, her testimony would have placed him at the scene of the crime, going through a bag of one of the occupants of the car at the

time of the shooting, making him equally guilty of felony murder. It was not an abuse of discretion to deny the motion for new trial based on this evidence.

This enumeration of error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Jim Carfagno, Jr.,* for appellant.

*Lewis R. Slaton, District Attorney, Richard E. Hicks, Assistant District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis, Staff Assistant Attorney General,* for appellee.