## 73467. WOLKE v. THE STATE.
## 73468. HARRIS v. THE STATE.
### (353 SE2d 827)

SOGNIER, Judge.

Appellants were convicted of robbery in a joint trial and they appeal, both enumerating the same errors.

1. Appellants contend the trial court erred by failing to grant their motion to suppress identification testimony. The evidence disclosed that Raymond Acosta, the victim, struck up a conversation with appellants in a bar and bought them some drinks. After about an hour the three men departed and went to a second bar. After about 35 minutes Acosta decided to leave and offered a ride to appellants if they wanted to go somewhere. Appellants accepted and as Acosta was getting into his car, appellant Harris placed a knife at Acosta's throat and said that he and Wolke were going to rob Acosta. Acosta was forced to lay down in the back seat and Harris drove Acosta's car, eventually driving down a "pulpwood" road where the car got stuck. Appellants then took Acosta's wallet containing about $80, tied him to a tree and gagged him, and then departed on foot. Acosta managed to free himself and after walking back to a main road, flagged down a motorist who gave Acosta a ride to the Catoosa County Sheriff's Office. After reporting the robbery, Acosta went with an officer to check a truck stop to see if appellants were there. They were not located but

the officer received a radio call that a car containing two hitchhikers had been stopped for speeding. Acosta was driven to the scene where he positively identified appellants as the two men who robbed him. This identification occurred about three hours after Acosta was robbed. He testified that he could have identified appellants in court even if he had not seen and identified them at the showup by the roadside shortly after the robbery.

The totality of the circumstances convinces us that appellants were not denied due process by the showup at the time appellants were detained at the roadside, as there was no substantial likelihood of misidentification of appellants by the victim. *Hobbs v. State*, 235 Ga. 8, 9 (218 SE2d 769) (1975). Acosta was with appellants approximately 2-1/2 hours and had ample time and opportunity to observe appellants. The criteria for evaluating the likelihood of misidentification set forth in *Neil v. Biggers*, 409 U. S. 188, 189 (93 SC 375, 34 LE2d 401) have been satisfied by the facts of this case. Further, the court in *Neil v. Biggers* held that the admission of evidence of a showup, without more, does not violate due process. Id. at 198. Accordingly, we find no error in denying appellants' motion to suppress identification testimony.

2. Appellants contend error in denial of their motion for a mistrial after the prosecuting attorney's questions improperly placed appellants' character in issue. The prosecuting attorney elicited testimony from Acosta, over objection, that appellants were talking about getting marijuana during the time they were driving around in Acosta's car after abducting him. Although appellants' motion for a mistrial on the ground that this improperly placed their character in issue was denied, the court immediately instructed the jury to totally disregard any statement by the witness as to what the defendants were looking for, and not to let the witness' answer affect the jurors' feelings about the case in any way. Further, appellants' declarations during commission of the offense charged were part of the res gestae, OCGA § 24-3-3, and there was no error in admitting evidence as part of the res gestae even though it may have incidentally placed appellants' character in issue. *Chambers v. State*, 250 Ga. 856, 859 (2) (302 SE2d 86) (1983). Thus, even had the court given no cautionary instructions to the jury, there would be no error in denying appellants' motion for a mistrial, because what was said during commission of the offense was part of the res gestae, and thus, admissible.

3. Appellants contend error in denial of their motion for a mistrial based on allegedly improper closing argument by the prosecuting attorney. During closing argument the prosecuting attorney asked the jurors to put themselves in the victim's place, and assume that they had a knife put to their throat, were dragged around in a car, and thought they were going to be killed or tied up and robbed. Appel-

lants' objection to this remark and their motion for a mistrial was overruled. However, the court instructed the jury that the prosecuting attorney's statement was not proper, and the jurors were not to put themselves in the victim's place, as their verdict was to be based only on the evidence presented in court.

A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb a court's ruling in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve a defendant's right to a fair trial. *Ewald v. State*, 156 Ga. App. 68, 70 (5) (274 SE2d 31) (1980). Since the trial court immediately gave curative instructions and the primary issue in this case was identification of appellants as perpetrators of the robbery, we find no abuse of the court's discretion and a mistrial was not essential to preserve appellants' right to a fair trial. Accordingly, it was not error to deny appellants' motion for a mistrial.

*Judgments affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED JANUARY 15, 1987.
REHEARING DENIED JANUARY 28, 1987 — ■

*Ralph L. Van Pelt, Jr.*, for appellant (case no. 73467).
*Robert S. Tingle*, for appellant (case no. 73468).
*David L. Lomenick, Jr., District Attorney*, for appellee.