76237. JACKSON v. THE STATE.
(370 SE2d 633)

SOGNIER, Judge.

Appellant was convicted of aggravated assault and theft by taking a motor vehicle. He appeals, and in his sole enumeration of error contends the trial court erred by denying his motion in limine seeking to suppress testimony of the victim about an alleged threatening note she received from appellant.

The evidence disclosed that Catherine McBurrough, the victim, was the former wife of appellant. When she went to his mother's residence to pick up some items awarded to her in the divorce, appellant was present and told her the items were in his mother's bedroom. McBurrough entered the bedroom and appellant followed her, stating he had a letter he wanted McBurrough to read. Appellant closed the bedroom door and sat down on the bed; McBurrough sat in a chair and read the letter. She was allowed to testify that the letter was in appellant's handwriting and stated that if she came back appellant would not hurt her (McBurrough); that he knew McBurrough left because there was someone else; and at the end of the letter, statements were made that appellant was first going to kill McBurrough, then her father, then her sister, and lastly, her father's wife. McBurrough was stunned, and asked appellant if he wanted the letter back; he said yes, and McBurrough got up and gave the letter to appellant. She then started to leave and appellant hit her from behind, knocking her head into the door. McBurrough screamed for appellant's mother to help her and call the police. The mother did not respond and appellant continued hitting McBurrough; she did not realize she was being stabbed until blood started gushing across her face. Appellant then threw McBurrough across the room and started choking her; he continued choking McBurrough until she passed out. Appellant went outside, and a short time later drove off in McBurrough's car.

Appellant testified in his own behalf and admitted that he hit McBurrough several times, cut her with a knife, threw her across the room and choked her. He also admitted driving off in McBurrough's car. However, he testified that McBurrough picked up the knife after reading the letter and in a struggle to get the knife away from her, appellant struck her several times and got the knife. He also testified that McBurrough grabbed him in the crotch and was squeezing him, and that all of his actions were taken in an attempt to get her to release her hold on him.

The trial judge denied appellant's motion in limine to exclude

testimony about the contents of appellant's letter on the ground that it was part of the res gestae. Appellant argues that such testimony was inadmissible hearsay and was not part of the res gestae. He also argues that he was not notified that the State would introduce evidence of a similar transaction (terroristic threats) as required by Uniform Superior Court Rules 31.1 and 31.3, 253 Ga. 853-854. We do not agree.

"Circumstances forming a part or continuation of the main transaction are admissible as res gestae. [Cits.] It does not matter that the act or transaction is another criminal offense and does not tend to establish the main offense. [Cit.]" *Bostic v. State*, 183 Ga. App. 430, 431 (1) (359 SE2d 201) (1987). Clearly, reading the letter was a part of the circumstances forming a part of the main transaction, and thus, admissible as part of the res gestae. Further, in *Meeker v. State*, 249 Ga. 780, 782 (5) (294 SE2d 479) (1982), the court held it was not error to allow guards at a jail to testify as to the contents of a confession note written by appellant to another prisoner when it was shown that the note was not accessible; that the note had been handed to a prison guard and was signed by appellant; and the note was properly authenticated. In the instant case the letter was in appellant's handwriting, was handed to McBurrough by appellant, and was returned to him, thus explaining the letter's inaccessibility. Since McBurrough's testimony was introduced as part of the res gestae, and not as evidence of a similar transaction, Rules 31.1 and 31.3, supra, have no application to the admissibility of such testimony. Accordingly, we find no error in the court's ruling.

Even assuming, for the sake of argument only, that it was error to admit testimony as to the contents of appellant's letter, such error was harmless under the facts of this case. Appellant admitted the assault on McBurrough and that he took her car, so the only question was one of credibility as to how this incident commenced. Under such circumstances, we find it highly probable that any error in admitting McBurrough's testimony about the letter did not contribute to the verdict in this case. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976); *Bridgers v. State*, 183 Ga. App. 98, 99 (1) (357 SE2d 894) (1987).

*Judgment affirmed. Deen, P. J., and Carley, J., concur.*

DECIDED MAY 26, 1988 —
REHEARING DENIED JUNE 8, 1988 —

*Samuel D. Lassiter, Roger J. Dodd*, for appellant.
*H. Lamar Cole, District Attorney, Samuel F. Greneker, Robert*

*T. Gilchrist, Assistant District Attorneys*, for appellee.