A89A0397. MOSS v. THE STATE.
(381 SE2d 765)

POPE, Judge.

Defendant appeals his conviction and sentence for the offense of incest. *Held*:

1. Defendant first contends that the testimony of certain mental health therapists and psychologists who evaluated or counseled the victim should have been excluded because the State did not provide the defendant with the witnesses' written "scientific" reports at least

ten days prior to trial as required by OCGA § 17-7-211. The record shows that the trial court deemed inadmissible any testimony or reports based on knowledge gained by scientific tests or methods. The trial court allowed the witnesses to give their opinion as to whether the victim had been sexually abused based not on scientific tests but on their own observation of the victim and on their training and experience. We agree that this testimony, even if based on written notes or reports, did not constitute "written scientific reports" as that term is used in OCGA § 17-7-211 and the trial court did not err in so finding. See *Williams v. State*, 251 Ga. 749 (3b) (312 SE2d 40) (1983); *Ramsey v. State*, 165 Ga. App. 854 (2) (303 SE2d 32) (1983). Moreover, the record shows that defendant did not seek to exclude the testimony of the first therapist who testified on the basis of OCGA § 17-7-211; thus any objection to the testimony of that witness on the basis of OCGA § 17-7-211 was waived. *Ford v. State*, 256 Ga. 375 (2c) (349 SE2d 361) (1986). As to the other two witnesses, the record shows that the State did not become aware that they were counseling the victim until several days before trial, at which time the prosecutor notified defense counsel of the possibility that they might be called as witnesses at trial. Hence, in this case not only was the State unaware of the witnesses' written reports so as to provide them to the defendant, but was in fact unaware that the witnesses existed until shortly before the trial was scheduled to begin. For these reasons also we find no error which would warrant a new trial. *Carey v. State*, 257 Ga. 134 (3) (356 SE2d 507) (1987). Consequently, this enumeration affords no basis for reversal.

2. We have examined defendant's enumeration concerning the voir dire of the jury and also find it to be without merit.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED APRIL 21, 1989.

*J. Philip Carr*, for appellant.

*Joseph H. Briley, District Attorney, Alberto Martinez, Assistant District Attorney*, for appellee.