A89A0619. HORNE et al. v. THE STATE.
(385 SE2d 704)

BENHAM, Judge.

Tried under a four-count indictment, appellants, husband and wife, were jointly convicted of one count of child molestation and one count of enticing a child for indecent purposes; Mr. Horne was also convicted of an additional count of child molestation and one count of sodomy.

1. Appellants assert that the trial court erred in refusing to allow them to have their own expert examine the child or her treatment records for the purpose of rebutting the State's expert's testimony concerning the victim's exhibition of symptoms of child sexual abuse accommodation syndrome. Whether to permit such an examination is within the trial court's discretion (*J. B. v. State*, 171 Ga. App. 373 (4) (319 SE2d 465) (1984)), and under the circumstances here, including the fact that the request was filed the day before trial began, we find no abuse of discretion in the denial.

2. Appellants assert that the trial court erred in allowing "golden rule" arguments. During closing argument, the prosecuting attorney said: "Think about it, how would you like to walk over here, walk up these stairs and sit in this chair and have this microphone in your face and talk to twelve grownups, twelve people you'd never met before about the last time that you had sex." Appellants objected on the specific ground that this constituted a "golden rule" argument. The trial judge overruled the objection. The prosecution thereafter argued, without immediate objection from appellants, as follows: "Think about what it would be like to sit in this chair and talk about the last time that you had sex. Is that an easy thing to do? Is that something that you would want to do, just want to do it for no reason?" Subsequently, while suggesting why another young girl might deny being molested, the State made the following argument without

immediate objection by appellants. "Well, ladies and gentlemen, look at it from the children's eyes. The right thing to do? It ruins their lives to tell. It ruins their lives to live through it, but look what happens to them when they tell about it. Nobody believes them. . . ."

After the State's closing argument, appellants moved for a mistrial based on the prosecuting attorney's statements which led to appellants' "golden rule" objection and on another statement made thereafter. The trial court denied both the motion and appellant's request for curative instructions. The State's argument does not fit neatly within the category of so-called "golden rule" arguments. In a classic "golden rule" argument, jurors are invited to place themselves in the victim's place in regard to the crime itself. See generally *Wolke v. State*, 181 Ga. App. 635 (3) (353 SE2d 827) (1987). However, any argument, regardless of nomenclature, which importunes the jury to place itself in the position of the victim for any purpose must be carefully scrutinized to ensure that no infringement of the accused's fair trial rights has occurred.

"A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb a court's ruling in the absence of a manifest abuse of discretion, and a mistrial is essential to preserve a defendant's right to a fair trial. [Cit.]" Id. at 637. We are satisfied, after having carefully examined the closing argument in its entirety and the basis for and timing of appellants' objections and mistrial motion, that the trial court did not manifestly abuse its discretion in denying the motion for mistrial. We also find that a mistrial was not essential to preserve appellants' right to a fair trial. Moreover, assuming arguendo that the prosecuting attorney's argument was improper and that it was error not to grant appellants' request for a curative instruction, consideration of the entire record satisfies us that it is highly probable that the argument did not contribute to the verdict. *Blanchard v. State*, 247 Ga. 415 (2) (276 SE2d 593) (1981).

3. Appellants assert that the trial court erred in allowing the State to present a witness to testify in rebuttal and to permit that witness to prove by testimony the contents of regulations of the Department of Corrections.

After the defense has rested, it is within the discretion of the trial judge whether to allow the State to introduce additional evidence. *Payne v. State*, 168 Ga. App. 485 (2) (309 SE2d 667) (1983). The trial judge may allow introduction of additional evidence even though it is not strictly in rebuttal of presented defense evidence. *Cooper v. State*, 103 Ga. 63 (1) (29 SE 439) (1897). We find the trial court did not err in allowing the rebuttal witness to be called as a witness after the defense rested.

Appellants raised a best evidence objection to testimony concern-

ing the contents of correctional institution regulations. Mr. Horne had testified on direct examination that sexually-oriented materials introduced into evidence by the State had come into his possession as a result of inmate "shakedowns" while he was a Ware County corrections officer. On cross-examination, he was questioned about the existence of a policy concerning the seizure and disposition of contraband during shakedowns. He responded that it depended upon the "seriousness of the contraband." Further, in response to a question regarding the propriety of taking contraband items home, Mr. Horne testified to the "policy of our state corrections" regarding the handling of seized contraband. This and other testimony by him regarding the discretion that guards exercised in determining whether to initiate disciplinary actions against inmates were introduced without objections.

Assuming without deciding that it was error to allow the witness to testify to the contents of the correctional institution's regulations in the face of a best evidence objection, we find the error harmless. The question of how Mr. Horne came into possession of the contraband and the propriety of that possession had no bearing on the real issues to be decided at trial, the guilt or innocence of the defendants. Considering that the testimony concerning correctional department regulations was at best collateral, if not completely irrelevant, to the issues at hand, we find it highly probable that the error did not contribute to the verdict. See *Jackson v. State*, 187 Ga. App. 449, 450 (370 SE2d 633) (1988).

4. Appellants assert that the trial court erred in refusing to allow defense counsel to take possession of medical records prepared by State's witnesses and demanded and subponeaed by defense counsel before trial. Appellants argue that the trial court erred in allowing a medical doctor and certain social science witnesses to testify without their records first having been produced pursuant to OCGA § 17-7-211; that the trial court erred by failing to review the medical records prior to trial and to provide them to defense counsel; and that the trial court erred in refusing to review scientific reports and records under appellant's specific *Brady* request.

(a) At trial appellants asserted they had been denied access to certain scientific reports ("records from the [D.A.I.S.Y.] Youth Clinic . . . including the records of Doctor Butler . . . Ms. Bernice Gordon and Ms. Donna McClain") in contravention of OCGA § 17-7-211. The State responded that there were no "scientific reports in these cases, and they're not entitled, necessarily, to the doctors' notes." We are satisfied that any written notations made by Dr. Butler constituted only "notes and work products" not within the purview of OCGA § 17-7-211. However, even assuming that Dr. Butler had compiled a "written scientific report" within the meaning of OCGA § 49-5-40,

such a report would be privileged and exempt from disclosure under OCGA § 17-7-211.

OCGA § 49-5-40, as amended, provides that "[e]ach and every record concerning reports of child abuse and neglect . . . which is in the custody of the [Department of Human Resources] or other state or local agency is declared to be confidential, and access thereto is prohibited except as provided in Code Section 49-5-41 and Code Section 49-5-41.1." "[U]nder OCGA § 49-5-41 (a) (2), where a court considers it necessary for the resolution of an issue before it, the court may order the disclosure of the information." *Napper v. Ga. Television Co.*, 257 Ga. 156 (2b) (356 SE2d 640) (1987). These statutes establish that the statutory right of discovery of such matter is limited to those few exceptions contained in OCGA §§ 49-5-41 and 49-5-41.1.

Thus, "[e]ach and every record" of the D.A.I.S.Y. Clinic concerning reports of child abuse maintains its confidentiality and is not subject to discovery under OCGA § 17-7-211 unless properly ordered to be disclosed by the court. *Davidson v. State*, 183 Ga. App. 557 (4b) (359 SE2d 372) (1987). That is, OCGA § 17-7-211 does not provide an independent statutory basis for discovery of "scientific records" of child abuse maintained by institutions listed in OCGA § 49-5-40. In the absence of obtaining a statutory exception by compliance with OCGA §§ 49-5-41 or 49-5-41.1, as applicable, such child abuse records remain protected. It appears to have been the clear intent of the legislature to interpret OCGA § 49-5-40 broadly to provide maximum protection to records and reports of child abuse and neglect, and likewise to construe OCGA §§ 49-5-41 and 49-5-41.1 strictly to limit the scope of statutory exceptions of OCGA § 49-5-40.

Accordingly, we find that all of the express requirements of OCGA § 49-5-41 have not been met and that the records and reports of the D.A.I.S.Y. Clinic, including those authored by Ms. Gordon and Ms. McClain, were not subject to disclosure under OCGA § 17-7-211. OCGA § 49-5-40. See also *Napper*, supra at Division 2 (b). Moreover, assuming OCGA § 49-5-40 does not take precedence over OCGA § 17-7-211, we find that § 17-7-211 does not apply to the testimony of mental health therapists and psychologists, even if such testimony is based on written notes or reports. *Moss v. State*, 191 Ga. App. 387 (381 SE2d 765) (1989).

(b) Appellants assert that the trial court erred in refusing to review the records in question prior to trial and in refusing to provide them to the defense. Appellants also assert that the trial court erred in refusing to review the records in question under appellants' specific *Brady* request. The trial record reflects that appellants were authorized access during trial to the reports of the D.A.I.S.Y. Clinic pertaining to Ms. Gordon and Ms. McClain. After obtaining the court's permission to gain access to the reports of Ms. Gordon and Ms. McClain,

appellants never requested a continuance to review those documents or permission to recall the child for further cross-examination based on matters exclusively within those reports.

A technical violation of OCGA § 17-7-211 would occur as to any matters which were required to be timely disclosed thereunder and which were not so produced. Nevertheless, under OCGA § 17-7-211, "[i]f the prosecuting attorney furnishes a copy [of the scientific record] but not in the time frame specified, there is nothing in the statute to require exclusion of the document from evidence. Perhaps late furnishing of a copy will mean the defendant is entitled to a continuance or recess of the trial as the trial judge may determine. The only circumstance making the exclusionary rule applicable is the failure of the prosecuting attorney to afford discovery at all." *Law v. State*, 251 Ga. 525, 527 (307 SE2d 904) (1983). See also *White v. State*, 181 Ga. App. 170 (351 SE2d 536) (1986).

The burden is on the appellant to establish any type of *Brady* violation. See generally *Cromer v. State*, 253 Ga. 352 (6) (320 SE2d 751) (1984). It is well established that "*Brady* is not violated when the *Brady* material is available to the defendant during trial, since *Brady* does not require a pre-trial disclosure of the materials. [Cit.]" *Glenn v. State*, 255 Ga. 533 (2) (340 SE2d 609) (1986). Even assuming that the records of Ms. Gordon and Ms. McClain were discoverable under *Brady* before trial, "the prosecutor will not have violated his constitutional duty of disclosure unless such omitted evidence creates a reasonable doubt as to the defendant's guilt which did not otherwise exist. [Cits.]" Id. The reports here in question did not meet that standard of materiality.

Moreover, regarding the notes of Dr. Butler, assuming without deciding such notes were discoverable under *Brady,* appellants have failed to show "that the information withheld so impaired [their] defense that [they were] denied a fair trial within the meaning of the *Brady* rule. . . ." *Davidson v. State*, supra at 559. We are satisfied that there exists no reasonable probability that had this evidence been disclosed to the defense, "the result of the proceeding would have been different." *Rogers v. State*, 257 Ga. 590 (3) (361 SE2d 814) (1987).

5. Appellants assert that the trial court erred by allowing the State to introduce a statement made by Mr. Horne asserting that the State's evidence was insufficient to indict him. We are satisfied that reasonable inferences could be drawn from this voluntary statement that would have relevance in this case. "Admission of evidence is a matter which rest largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion. [Cit.] If an item of evidence has a tendency to establish a fact in issue, then it is relevant and admissible. [Cit.]

Georgia law favors admission of any relevant evidence no matter how slight its probative value." *Whisnant v. State*, 178 Ga. App. 742 (1) (344 SE2d 536) (1986). We need not consider in this instance whether the probative value of the statement was outweighed by any potential for prejudice it might cause, as no specific objection on that ground was raised at trial. See *Weaver v. State*, 179 Ga. App. 641 (7) (347 SE2d 295) (1986).

6. Mr. Horne contends that the child molestation count with which he was separately charged and the sodomy count with which he was also separately charged merged. The child molestation count alleged that appellant committed various acts, including an act of sodomy; the sodomy count alleged an act of sodomy of the same type. The evidence showed only one act of sodomy occurred.

" '(A) crime is an included crime and multiple punishment therefor is barred if it is the same as a matter of fact *or* as a matter of law. . . .' [Cit.] OCGA § 16-1-6 defines an included crime as one 'established by proof of the same or less than all the facts . . . required to establish the commission of the greater crime charged.' " *Green v. State*, 170 Ga. App. 594 (2) (317 SE2d 609) (1984).

Under the indictment in this case, the offense of child molestation involved several acts, one of which was an act of sodomy, and had as one element proof of the age of the victim. The sodomy count of the indictment alleged only the commission of an act of sodomy. Since the evidence established only one act of sodomy, the proof of which was necessary to prove the child molestation count as alleged, the sodomy count of the indictment was "established by proof of . . . less than all the facts . . . required to establish the commission of [child molestation]." OCGA § 16-1-6 (1). It follows that the offense of sodomy as alleged was included as a matter of fact in the offense of child molestation as alleged. Therefore, the sodomy count merged into the child molestation count. *Green*, supra.

The State asserts that since there were several acts of molestation alleged and proved, there was sufficient evidence for both counts. That argument ignores the fact that the State alleged and proved the act of sodomy as part of the child molestation count. *McCollum v. State*, 177 Ga. App. 40 (338 SE2d 460) (1985), does not control the present case because there were numerous acts of sodomy proved in that case. Here, there was the single act of sodomy, and it was alleged and proved as part of the child molestation count.

Because of the merger, Mr. Horne's conviction of sodomy must be vacated.

7. Appellants further contend that there was a *Brady* violation in the trial court's failure to conduct a pre-trial in camera inspection of the State's files to determine whether they contained anything impeaching, mitigating, or exculpatory. Specifically, they complain that

a tape recording of an interview of the victim by a police officer showed inconsistencies between the child's testimony at trial and her statements in the interview.

Without going into the question of how the trial court could have determined from a pre-trial inspection that the child's statements to the officer would differ from her trial testimony, we find that there was no *Brady* violation. The recording was introduced at trial and appellants were provided with transcripts of it. Although they did not ask for a continuance when they got the transcripts, appellants requested and were given "a moment to look over" one of the transcripts. Under those circumstances, there was no *Brady* violation. *Glenn v. State*, supra, Division 2; see *Chambers v. State*, 250 Ga. 856 (2) (302 SE2d 86) (1983).

8. Appellants have abandoned their eleventh enumeration of error. Rule 15 (c) (2) of the Rules of the Court of Appeals; *Adams v. State*, 187 Ga. App. 340 (3) (370 SE2d 197) (1988). We have reviewed all of appellants' remaining enumerations of error and find them to be without merit.

For reasons stated in Division 6, the conviction of and sentence for sodomy only are reversed; the remaining convictions and sentences are affirmed.

*Judgment affirmed in part and reversed in part. Banke, P. J., Birdsong, Sognier and Pope, JJ., concur. Birdsong, J., also concurs specially. Carley, C. J., Deen, P. J., and McMurray, P. J., concur in part and dissent in part. Beasley, J., concurs in Divisions 1-5, and dissents as to Division 6.*

BIRDSONG, Judge, concurring specially.

1. I fully concur in all divisions of this opinion, and as to Division 6, I concur specially.

2. Regarding Division 6, I wish to emphasize the following: Some type of merger is required as stated by the majority. In *State v. Estevez*, 232 Ga. 316 (1) (206 SE2d 475), it was held that OCGA §§ 16-1-6 and 16-1-7 "establish *alternative rules* for determining when one crime is included in another as a matter of fact *or* as a matter of law so as to bar conviction and punishment for more than one crime. Heretofore the rule was that an accused could not be convicted and punished for more than one crime if they were the same as a matter of fact *and* as a matter of law." (First emphasis supplied.) Id. at 319.

These offenses (child molestation as averred and simple sodomy) may be separate as a matter of law; however, I believe that in this instance they definitely are not separate as a matter of fact. The trial record conclusively establishes that one and only one act of sodomy occurred during this entire period. Clearly, in order to prove the offense of child molestation, as that offense was charged, the State of

necessity *had to prove the entire offense of simple sodomy.* A crime is a lesser included offense, as a matter of fact, whenever "[i]t is established by proof of the same *or less than* all the facts . . . required to establish the commission of the [other] crime charged." (Emphasis supplied.) OCGA § 16-1-6 (1); compare *LaPalme v. State,* 169 Ga. App. 540 (313 SE2d 729). As stated succinctly by Chief Judge Carley, Presiding Judge Deen and Judge Sognier, in *Kelly v. State,* 188 Ga. App. 362 (3) (373 SE2d 63), " '[o]ffenses merge *as a matter of fact* pursuant to OCGA § 16-1-6 (1) if one of them is established by proof of the same or less than all the facts required to prove the other.' " (Emphasis supplied.) Id.; *Fredrick v. State,* 181 Ga. App. 600 (2) (353 SE2d 41), citing *Haynes v. State,* 249 Ga. 119, 120 (288 SE2d 185) (when the State uses up all the evidence that the defendant committed one crime in establishing another crime, the former is included as a matter of fact under OCGA § 16-1-6).

The case of *McCollum v. State,* 177 Ga. App. 40 (338 SE2d 460), should be obvious to all to be clearly distinguishable from the operative facts conclusively established by this record. In *McCollum* the evidence unequivocally established that the defendant had committed numerous acts of sodomy over a long period of time. Thus, the jury could have found the defendant guilty of one particular sodomy offense to support its guilty verdict of the sodomy charge and of entirely different sodomy offenses to support its verdict of guilty of child molestation. In this case, there was only *one act of sodomy* committed, and it is *impossible* to prove appellant committed child molestation *as averred* in Count I without also proving that he committed simple sodomy as charged in Count III. Thus, appellant's conviction of both offenses without some type of merger violates OCGA § 16-1-7 (a) (1).

3. Believing that some type of merger is mandated, I would have preferred to seize upon this opportunity to overrule in part *Green v. State,* 170 Ga. App. 594 (317 SE2d 609). *Green* needlessly restricts the express power of this court, see generally OCGA §§ 15-1-3 (6) and 15-2-8 (7), by requiring that in all such cases merger be accomplished by merging the so-called lesser offense into the greater. Nothing expressly contained in OCGA §§ 16-1-6; 16-1-7 or 16-1-8 requires that merger be accomplished in any particular manner. All that is required is some type of merger so that an offender is not in effect convicted, as in this case, twice for committing either the same offense or the same criminal misconduct (as above discussed). Normally, I would prefer to apply the rule that merger will be accomplished by merging the less serious criminal misconduct into the more serious misconduct. In such cases, the maximum punishment prescribed by statute normally would control in determining which conduct is most serious. Utilization of this rule would generally result in amending an of-

fender's criminal conviction record in a manner which would more accurately reflect the true gravity of the defendant's criminal misconduct. However, it would be appropriate in certain cases to apply other merger rules to more accurately affirm conviction results. For example, in this case we could merge the offending language from the child molestation specification into the simple sodomy specification and affirm both convictions, as amended. The requirements of OCGA § 16-1-7 (a) (1) would be met, but in a more accurate manner so as to reflect the true gravamen and scope of the criminal conduct of which appellant was convicted.

DEEN, Presiding Judge, concurring in part and dissenting in part.

I concur fully with the majority opinion except for Division 6, from which I dissent.

If the act of sodomy were the sole evidentiary basis for both the sodomy conviction and the child molestation conviction of Gary Horne, I would agree with the majority opinion that under *Green v. State*, 170 Ga. App. 594 (317 SE2d 609) (1984), a merger occurred. However, the indictment alleged other acts of child molestation in addition to the sodomy, and the evidence adduced at trial included a plethora of other incidents, completely separate and distinct from the act of sodomy, that would support the child molestation conviction.

Specifically, the indictment charged Gary Horne with child molestation by (1) exposing his genitals to the victim, (2) by performing sodomy on the victim, and (3) having the victim sit on the defendant's lap. The evidence adduced to support this child molestation charge was (1) the victim's testimony that Gary Horne had exposed his genitalia by masturbating in her presence 10 to 20 times over the period of a year; (2) the evidence concerning the act of sodomy; and (3) the victim's testimony about an incident when Gary Horne had her sit on top of him while he was lying on a bed so that his erected penis touched her vagina. Even though the evidence concerning the act of sodomy was the same evidence used to prove the sodomy charge, all of the episodes of masturbation and the lap-sitting incident certainly independently and separately support the conviction for child molestation. Under *McCollum v. State*, 177 Ga. App. 40 (338 SE2d 460) (1985), Gary Horne's convictions for child molestation and sodomy both should be affirmed.

Further, the jury was authorized to infer that the pornographic photographs introduced into evidence promulgated, promoted, and portended the permissiveness and perversion of mental and physical abuse and molestation, and acted as a type of Bundy "blueprint" of anticipated assaults and acts, or as a type of "pied piper" approach, to try to round up or turn the victim on. See *Megar v. State*, 144 Ga. App. 564, 568 (241 SE2d 447) (1978). See also *Howell v. State*, 172

Ga. App. 805 (324 SE2d 754) (1984). Accordingly, I respectfully dissent.

DECIDED JULY 14, 1989 —
REHEARING DENIED JULY 28, 1989 —

*Hackel & Hackel, Thomas M. Hackel*, for appellants.
*Harry D. Dixon, Jr., District Attorney, Richard E. Currie*, Assistant District Attorney, for appellee.