## A92A2311. HARMON v. THE STATE.
(430 SE2d 399)

BIRDSONG, Presiding Judge.

James L. Harmon, Sr. appeals his convictions for aggravated cruelty to children and aggravated battery. He was sentenced to 20 years confinement with 18 years to serve on the aggravated battery count and 20 years probation on the cruelty to children count to run concurrently with the sentence on the aggravated battery count. The victim of both crimes was Harmon's seven-month-old step-grandchild. According to the evidence presented, the infant received severe injuries that caused blindness, cerebral palsy, and mental retardation af-

ter she was "shaken" and her brain deprived of oxygen.

Harmon contends the trial court erred by allowing the victim to be exhibited to the jury, by admitting evidence of similar transactions, by refusing to give certain defense requested charges, by charging that criminal negligence was a substitute for malice, and by entering judgment on both offenses when the evidence showed both charges were based upon the same facts. He also contends there was a fatal variance between the allegations in the indictment and the evidence presented at trial, and that the verdict was contrary to the law, contrary to the evidence, strongly against the weight of the evidence, and violative of the due process provisions of the Constitutions of Georgia and the United States because there was inadequate evidence to support the verdict within the meaning of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560). *Held*:

1. Harmon's first enumeration of error asserts the general grounds. We find no error. On appeal we must view the evidence in the light most favorable to the verdict, Harmon no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. *Grant v. State*, 195 Ga. App. 463 (393 SE2d 737). Further, we do not speculate which evidence the jury chose to believe or disbelieve. *Mills v. State*, 137 Ga. App. 305, 306 (223 SE2d 498).

Our review of the transcript shows the infant stayed overnight with Harmon, that Harmon's nine-year-old daughter saw him violently shaking the infant, and the next morning the infant was listless and unresponsive to external stimuli and had bruises on her face, neck, and ears. The transcript further shows that medical experts testified her injuries were consistent with having been shaken violently and choked, and that as a result of these injuries she is now severely retarded, has cerebral palsy, and is permanently blind. Having reviewed this evidence under the appropriate standards, we conclude from the evidence that a rational trier of fact could find beyond a reasonable doubt that Harmon was guilty of these crimes. *Jackson v. Virginia*, supra; *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131).

2. Harmon next contends the trial court erred by allowing the victim to be exhibited to the jury because her physical presence had no probative value on any issue in the case. The transcript shows that the infant was carried into the courtroom by her mother and the jury was allowed to see her physical appearance. The premise of this enumeration is without factual support since the jury's observation of the victim could either confirm or contradict the testimony regarding her condition. Hence, it cannot be said that her physical presence was without probative value. Further, admission of evidence rests within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that discretion absent evidence of its abuse.

*Whisnant v. State*, 178 Ga. App. 742, 743 (344 SE2d 536). Moreover, OCGA § 24-9-61.1 vests the trial judge with the sole discretion to control the presence of the victim of a crime in the court. As we find no evidence of the abuse of the trial court's discretion, this enumeration is also without merit.

3. Harmon next contends that there was a fatal variance between the allegata of the indictment and the probata of the evidence because the prosecution did not prove beyond a reasonable doubt each and every statement contained in the indictment. We find no fatal variance. Medical experts testified the bruises on the victim's face, ears, and neck; the bleeding in her eyes; and her brain injuries could have been caused by Harmon striking, squeezing her face and head, or shaking her. Also, the jury was authorized to find from the photographs of the victim's bruises that her injuries could have been caused by being struck by Harmon's hands. Consequently, evidence was presented that tended to prove each causative allegation in the indictment. Additionally, when an indictment avers several different manners in which an offense was committed, and there is evidence sufficient to support a finding of guilt as to one of the manners averred, there is no fatal variance. *Lubiano v. State*, 192 Ga. App. 272, 273-274 (384 SE2d 410). Contrary to Harmon's assertion, our law does not demand that each statement of the indictment be proven. " 'A variance between the allegata and the probata is not fatal unless it misinforms the defendant as to the charges against him or leaves him open to subsequent prosecutions for the same offense. [Cits.]' " *Stinson v. State*, 197 Ga. App. 687, 689 (3) (399 SE2d 278).

4. Next, Harmon contends the trial court erroneously admitted evidence of similar transactions because the notice provided violated the letter and intent of USCR 31.3 in that the notice lacked sufficient specificity. The record shows that Harmon received notice under USCR 31.3 (B) and that the trial court held a hearing pursuant to USCR 31.3 (B) at which the State showed that the evidence of the independent offense acts were not intended to raise improper inferences about Harmon's character, but were offered to show identity, or to prove malice, intent, motive, or state of mind. Additionally, sufficient evidence was offered to prove Harmon committed the independent offense or act and show sufficient connection or similarity between the independent transactions and these offenses so that proof of the former tended to prove the latter. The record also shows that the State gave the required notice with as much particularity as could be stated, the trial court held the required pretrial hearing, and the similar transactions all concern incidents in which Harmon choked or shook the victim, the victim's 24-month-old brother, and his own son, in the same trailer and within months of the crimes for which he was charged. Therefore, sufficient similarity was established. See *Williams*

*v. State*, 261 Ga. 640, 642 (409 SE2d 649); *Stephens v. State*, 261 Ga. 467, 468-469 (405 SE2d 483). Further, to the extent the evidence showed that Harmon choked or shook the victim on earlier occasions within the period of limitations, Rule 31.3 does not apply. *Garrett v. State*, 188 Ga. App. 176, 177 (372 SE2d 506); *Bowman v. State*, 184 Ga. App. 197 (361 SE2d 58).

5. Since enumerations of error 5 and 6 both depended upon the erroneous theory that the State was obliged to prove beyond a reasonable doubt each of the different ways Harmon may have inflicted the injuries (see Division 3, supra), the trial court did not err by refusing to give these charges. "A request to charge itself must be correct, legal, apt, even perfect, and precisely adjusted to some principle involved in the case. If *any portion* of the request is inapt or incorrect, denial of the request is proper." (Citations and punctuation omitted.) *Mattox v. MARTA*, 200 Ga. App. 697, 699 (4) (409 SE2d 267).

6. In the same manner, the trial court did not err by refusing to give Harmon's requested charge patterned after the equal access to the premises theory (see *Jones v. State*, 200 Ga. App. 519 (408 SE2d 823)) because the State's proof relied upon the direct evidence that Harmon was seen shaking the child. A trial court does not err by refusing to give a requested charge which, as crafted, creates a fair risk of confusing or misleading the jury when examined in light of the other charges. *Jones v. State*, supra at 521. Accordingly, this enumeration of error is also without merit.

7. The transcript shows that contrary to Harmon's contention, the trial court did not charge the jury that criminal negligence was a substitute for malice. The charge given was sufficient. *Chester v. State*, 262 Ga. 85, 88 (414 SE2d 477); *Gaddis v. State*, 176 Ga. App. 526, 527 (336 SE2d 587).

8. Harmon's final contention is that the trial court erred by entering judgment on both counts because the same operative facts were alleged in each count: Count 1 charged Harmon with the offense of cruelty to children (OCGA § 16-5-70) between the first and twentieth day of April 1990, by unlawfully and maliciously causing a child under the age of 18 "cruel and excessive physical and mental pain by striking said child in the head with his hands, by squeezing the face and head of said child with his hands, and by shaking said child, said act and acts causing organic brain damage," and Count 2 charged Harmon with aggravated battery (OCGA § 16-5-24) between the first and twentieth day of April 1990, by unlawfully and maliciously causing bodily harm to the person of the victim by "rendering useless a member of her body, to wit: her eyes by striking said child in the head with his hands, by squeezing the face and head of said child with his hands, and by shaking said child, causing organic brain damage and retinal hemorrhages." Therefore, Harmon argues that he is

being punished twice for the same acts. See *Andrews v. State*, 200 Ga. App. 47 (406 SE2d 801); *Redding v. State*, 193 Ga. App. 50 (386 SE2d 907).

Review of the evidence presented shows that both charges are in fact based upon the same acts. Although the evidence showed Harmon was seen some weeks earlier shaking the victim, the medical evidence was that the victim's brain damage would show up almost immediately after the injury. Consequently, the victim's brain damage was not caused by the earlier shaking. Further, the prior shaking incident was offered and admitted as similar crimes evidence; and the similar crimes evidence was the subject of an instruction to the jury *limiting* the use of this evidence to the purpose for which it was introduced. Therefore, the evidence presented only supports the conclusion that the brain damage alleged in Count 1 and the brain damage and blindness alleged in Count 2 were the result of the injuries the victim sustained the night of April 19-20, 1991. Moreover, there was no evidence that Harmon injured the victim on other than one occasion because the testimony was that Harmon shook the victim only one time that night.

"OCGA § 16-1-6 together with OCGA § 16-1-7 contain the standards for determining if one offense is included in another as a matter of fact or as a matter of law. *Harmon v. State*, 235 Ga. 329, 330 (2) (219 SE2d 441) (1975). They are alternative and not conjunctive. *State v. Estevez*, 232 Ga. 316, 319 (1) (206 SE2d 475) (1974). Paragraph (1) of § 16-1-6 sets out the rules for determining included crimes as a matter of fact and paragraph (2) treats those included as a matter of law. *Stephens v. Hopper*, 241 Ga. 596, 599 (1) (247 SE2d 92) (1978)." *Shuler v. State*, 195 Ga. App. 849, 850 (395 SE2d 26).

In accordance with OCGA § 16-1-7 (a), "[w]hen the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if . . . [o]ne crime is included in the other." Cruelty to children (OCGA § 16-5-70) and aggravated battery (OCGA § 16-5-24) are not included offenses as a matter of law because the crimes have different elements, prohibit different conduct, and generally protect different classes of victims. See *Shuler v. State*, supra at 850 (cruelty to children not included in use of fighting words).

Nevertheless, the two crimes may be included as a matter of fact when the same or less than all the facts are used to prove both crimes. OCGA § 16-1-6 (1); *Hambrick v. State*, 256 Ga. 148 (344 SE2d 639); *Shuler v. State*, supra. In this case, as the evidence established only one act of squeezing, striking and shaking of the victim that caused both the brain injury and the blindness, this evidence was necessary to prove both the cruelty to children count and the aggravated bat-

tery count. Accordingly, the cruelty to children count merged into the aggravated battery count. *Andrews v. State*, supra at 48; *Horne v. State*, 192 Ga. App. 528, 533 (385 SE2d 704).

9. Therefore, Harmon's conviction and sentence for cruelty to children are vacated. *Horne v. State*, supra; *Green v. State*, 170 Ga. App. 594, 595 (317 SE2d 609). His conviction and sentence for aggravated battery are affirmed.

*Judgment affirmed in part and vacated in part. Beasley, P. J., and Andrews, J., concur.*

DECIDED MARCH 18, 1993 —
RECONSIDERATION DENIED MARCH 30, 1993 

*Rafe Banks III*, for appellant.
*Garry T. Moss, District Attorney, Charles D. Gafnea, Assistant District Attorney*, for appellee.